41 361
59 315
61 580

SAMUEL BRABAZON *vs.* EUGENE S. ALLEN AND OTHERS.

Where a block of buildings, comprising several dwelling houses, is erected upon a single lot, and work is done upon it as a whole, under one entire contract, the builder's lien extends, as a single lien, to the whole block.

BILL TO FORECLOSE a builders' lien; brought to the City Court of the city of Hartford. The facts were found and a decree passed for the petitioner, and certain of the respondents who were later incumbrancers brought the record before this court by a motion in error. The case is sufficiently stated in the opinion.

Two other cases against the same respondents and founded

Brabazon *v.* Allen.

upon similar liens, were heard at the same time with this, the facts being the same in all.

*Goodman* and *Sill*, for one of the plaintiffs in error, and *Buck*, for another.

*H. S. Barbour* and *McManus*, for the defendants in error.

FOSTER, J. . This case, and the subsequent ones of Pratt and Scoville against the same defendants, are bills in equity brought to foreclose mechanics' liens. The court below found the facts set forth in the bills to be true, and passed a decree in favor of the plaintiff in each case respectively. By a motion in error, each case is now brought before this court, and as they depend substantially upon the same principles, they are submitted together.

It appears that the principal defendants, Allen and Andrews, were the owners of a lot of land; that they made a contract for the erection upon it of a block of buildings, as a single structure; that the plaintiffs in these several suits took different contracts for the work to be done,—one for the stone work, another for the wood work, and another for the plumbing, &c. The building, when completed, made five dwelling houses, separated one from another by a partition wall. The liens in each case were filed as attaching to the whole property, and not separately, upon one or more of the dwelling houses. The court below recognized the liens as attaching to the whole property, and passed a decree, in each case, which rests upon the correctness of that principle.

One of the errors, indeed the principal one assigned in each of the cases, is, that the court below erred in holding that a separate lien for each dwelling house was not necessary; and that one lien, embracing all the five dwellings, was sufficient. This claim has been urged before us with great earnestness, and not without force.

As the right to liens is created by statute, the rights acquired, or whether any, in any given case, must be determined by statute. We deem it wiser, therefore, to confine our attention mainly to the terms and spirit of our statute,

Brabazon *v.* Allen.

and the decisions under it, rather than to be drawn aside to consider the decisions of other states, whose statutes may be similar or dissimilar to ours.

The plaintiffs in error insist that here are five dwelling houses, which, though contiguous to each other, are still in point of fact separate, distinct and independent, as much so, in contemplation of law, as if each stood on a lot by itself; that to impose on one of these houses a lien for expenses incurred in the construction of either of the others, would be manifestly inequitable, and contrary to the letter and spirit of the statute.

The first clause of the first section of the act, entitled " An act relating to Liens," reads thus :  " Every dwelling house or other building, in the construction, erection or repairs of which, or of any of its appurtenances, any person shall have a claim for materials furnished, or services rendered, exceeding the sum of twenty-five dollars, shall, with the land on which the same may stand, be subject to the payment of such claim, and the said claim shall be a lien on such land and building and appurtenances," &c., &c.   Gen. Statutes, p. 549.

It is claimed that a single lien, or a joint lien, cannot be imposed in this case, because that will charge one dwelling house with the cost of building the others, when the clear idea of the statute is, that each house, with the land on which it stands, shall bear the cost of its own construction, and nothing more.

The difficulty in the way of filing five separate liens is not only freely admitted by the plaintiffs in error, but the utter impossibility of doing so is boldly alleged.

If there can be no joint lien, and no separate lien, the necessary result is that there can be no lien at all in a case of this kind ; and to that conclusion we are strongly urged.

Now we think that such a construction of this statute is entirely too narrow and rigorous ; that it does violence to its fair intent and meaning ; indeed, that it would work its partial repeal.   We think that the plaintiffs in these cases

were entitled to a lien on the building on which they had labored, and for which they had furnished materials, and on the whole building, and the land on which it stands. Should authority be wanted for this opinion, we find it, abundantly, in the case of *Bank of Charleston* v. *Curtiss*, 18 Conn., 342. In that case a house and barn had been built on a lot containing about an acre of land. The lien, as in this case, was single, and spread over the whole property. CHURCH, C. J., in giving the opinion of the court, p. 349, said : " The chief ground of objection to the certificate however, is, that it does not specify the amount expended and remaining due upon each building separately, and that the expenditures upon the dwelling house are not a lien upon the barn, &c. In such a case as this there could have been no practical use in such a specification. Indeed, it would have been nearly impracticable to have kept up a separation of accounts for each. The contract for the erection of these buildings was, in effect, only one. * * * It was an agreement, by one party, to furnish labor and materials sufficient for the construction of these buildings, and to be paid therefor by the other, an entire and fixed sum. The parties under such a contract could no more have contemplated a division or separation in the cost of these several structures, than in the cost of the separate apartments of the dwelling house designated on the plan of the architect."

The subsequent case of *Fitch* v. *Baker*, 23 Conn., 563, is in accordance with this, and the cases of *Rose* v. *Persse & Brooks Paper Works*, 29 Conn., 256, and *Chapin* v. *Persse & Brooks Paper Works*, 30 Conn., 461, are so dissimilar in their facts as not to be applicable.

Other causes of error have been pointed out by the plaintiffs in error, but from the examination we have given them we think the objections taken have not been sustained. Whether or not they occasion any injury to the plaintiffs is not very clearly shown, and some of them may be matters within the discretion of the court. Besides, the record does not show that these objections were taken in the court below, or that

the court was requested to pass the decree in any other than in its present form.

We think that the decree of the court below should be affirmed.

In this opinion the other judges concurred.