PATRICK J. CRONAN *vs.* THOMAS W. CORBETT.

Third Judicial District, Bridgeport, October Term, 1905.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

No one can impose a mechanic's lien on another's land without com-
plying with all the terms and conditions which the statute (§ 4136)
prescribes; but in determining these terms and conditions it should
be construed with reasonable and not unreasonable strictness.

The defendant claimed a lien for furnishing materials and doing the
plumbing, under a single parol agreement, upon what he de-
scribed in his certificate as " a certain building" in New Haven,
and "the lot on which it stands." Accurately speaking, this
" building" consisted of three brick structures of substantially
the same size and construction, standing side by side on the lot
referred to, connected by doors set in wooden frames and opening
into common passways, but which were adapted for separate use
and sale. The services and materials furnished by the defendant
had gone for the benefit of all the buildings and not of any partic-
ular one, and the sum to which he was entitled was entire and
not susceptible of apportionment. *Held* that the claimant in ven-
turing to make such a description of the premises went to the
verge of the law, but not beyond it. (One judge dissenting.)

A foreclosure decree fixing the order in which subsequent incumbran-
cers may redeem an earlier mortgage, conclusively settles the supe-
riority of that mortgage, but does not determine the relative pri-
orities between the subsequent incumbrancers as to their own
mortgages or liens, when these afterward become the subject of
foreclosure.

Argued October 25th, 1905—decided January 4th, 1906.

SUIT to redeem certain land from a first mortgage lien,
and also to foreclose a junior mortgage and a mechanic's lien,
brought to the Superior Court in New Haven County and
tried to the court, *George W. Wheeler, J.,* upon the defend-
ant's answer and cross-complaint; facts found and judg-
ment rendered foreclosing the plaintiff's mortgage and
mechanic's lien, and providing that, in case the defendant
should not redeem that mortgage, the plaintiff's interest un-
der it should be foreclosed unless he paid the defendant the
amount due on a mechanic's lien in his favor set up in the

cross-complaint, and, under certain conditions, unless he also paid off the first mortgage held by the defendant. From this judgment the plaintiff appealed.　*No error.*

*Talcott H. Russell* and *James P. Pigott*, for the appellant (plaintiff).

*John K. Beach* and *William B. Stoddard*, for the appellee (defendant).

BALDWIN, J.　The defendant, on January 7th, 1898, filed a certificate claiming a mechanic's lien on "a certain building" in New Haven owned by Maier Arick, "and the lot on which it stands," described as one hundred and fifty feet square.　The land is the same described in the case of *Halsted & Harmount Co.* v. *Arick et als.*, 76 Conn. 382, 385, and the term "building" was used to denote the structures upon it which are also described in that case.

It is now found by the trial court that each of these structures has a cornice projecting several inches over the adjoining passway; that, in each, cellar windows, through which coal and wood are put in, open upon the passway; that another passway runs from Admiral Street a few feet in the rear of these structures, which is used in common by the tenants in each; and that the rear of the lot was, when the structures were originally built, fenced off into three back yards, each appertaining to one of them.

The defendant's lien arose out of a parol bargain to do the plumbing work upon said structures for a certain gross sum, according to written specifications entitled "Specifications for plumbing of three brick blocks."　No separate tenement was specified in this paper, but it called for 24 sinks and 36 bath tubs, with all piping and connections; and the defendant and Arick both treated their agreement as constituting a single contract.

The amount due on the mechanics' liens which were the subject of *Halsted & Harmount Co.* v. *Arick et als.*, was paid by the plaintiff, who was one of the defendants in that

proceeding, on the day limited for redemption in the final judgment. These liens dated by relation from May 4th, 1897. The defendant's lien dated from June 18th, 1897.

The complaint in the present action is predicated both upon the Halsted & Harmount Company liens, and upon a mortgage originally given by Arick to one Kaiser on August 20th, 1897. The cross-complaint was predicated both on the original lien of the defendant, and on his redemption of a prior mortgage of March 30th, 1897, by Arick to Matz and Brown, which was the subject of the litigation in *Matz* v. *Arick et als.*, 76 Conn. 388.

In the original finding of facts in *Halsted & Harmount Co.* v. *Arick et als.*, it was stated that the "three buildings are adapted to be used and disposed of separately." The trial court in the present proceeding refused to insert this statement in its finding; deeming it to have been a conclusion from the evidence in the former suit, which that in the present one showed to have been unwarranted. Exception was taken to this ruling, but it is unnecessary to inquire whether it was erroneous, since had the insertion which was requested been made in the finding, it would not have followed that the defendant's lien was invalid.

He had performed work and furnished materials under a single contract upon a parcel of land belonging to a single owner. The structures placed upon it were so connected that they could, not unfairly, be described as together constituting one building, notwithstanding their adaptation to being used or disposed of separately. They were also so far disconnected that they might not unfairly be described as three buildings. The defendant's services and materials had gone to the benefit of the entire structure or structures, and not of any particular portion. The sum to which he was entitled for them was an entirety, definitely fixed and insusceptible of apportionment. The contract on which the Halsted & Harmount liens were based was for the supply of materials, without any stipulations as to their price. This left the owner liable to pay a reasonable price; and as the amount of material supplied to each of the three structures

could be closely estimated, it was not difficult to compute the proper charge upon each of them, considered separately.

It is settled that the statute relating to mechanic's liens is to be construed with reasonable strictness, but it is certainly not to be construed with unreasonable strictness. It would be putting upon it an unreasonable construction to hold that, under the circumstances which have been detailed, the defendant could not claim a single and entire lien upon the whole lot and the improvements placed upon it, provided a proper certificate were filed. *Brabazon* v. *Allen*, 41 Conn. 361. We have no disposition to relax the wholesome rule that no one can impose a statutory lien on another's land without complying with all the terms and conditions which the statute may prescribe. The defendant, both in venturing to describe the premises as a unit and in the mode of that description, went to the verge of the law, but in our opinion he did not go beyond it. The certificate of lien which he filed is for a lien upon "a certain building" on the lot in question, and upon the entire lot. In one point of view each of the three principal structures on the lot could be styled a building; but that the defendant used that word to denote the aggregation of the three structures was sufficiently apparent from the accompanying claim of a lien on the whole of the land. No one who looked at the premises could fail to see that the whole lot could not reasonably be claimed as appurtenant to any single one of the structures, and would therefore be warned by the terms of the certificate that it related to all of them considered as one entire edifice, for the convenient use of which the entire lot was required. Nor could it fairly be assumed by any one who might subsequently acquire an interest in the land, that the words of the certificate referred to one only of the three structures, since it was clear that they described no one of them in such a way as to distinguish it from the others.

The mechanic's lien claimed by the defendant is therefore valid, and, as it dates from June 18th, 1897, he was properly granted a foreclosure upon it as against the Kaiser mortgage, which was not given until the following August, un-

less there is something in the plaintiff's contention that the order of priority between him and the defendant was conclusively settled as respects both that mortgage and the Matz and Brown mortgage, by the judgment rendered in 1903, in the case of *Matz* v. *Arick et als.*

By the terms of that judgment the incumbrancers against whom a foreclosure of the Matz and Brown mortgage was decreed were so arranged that Corbett, the present defendant, was required to redeem the first of any, and given another opportunity, sixteen days afterward, in case of the failure to redeem of several intervening claimants, among whom was the plaintiff as assignee of the Kaiser mortgage; but should Corbett fail to redeem on either of his law-days, then the Halsted & Harmount Company was allowed to redeem four days later. The record (by reference in the judgment-file to the accompanying finding of facts) shows that the first law-day fixed for Corbett was given to him as owner of a judgment-lien for a judgment of $4,000 and costs which he had recovered against Arick in 1900, and his second law-day given to him as owner of the mechanic's lien, the foreclosure of which is claimed by the cross-complaint in the present action. It does not, however, follow that the order of redemption established for the purposes of working equity in that cause forever determined the relative priorities of those who might thereafter hold the liens which were made the subject of foreclosure. The superiority of the Matz and Brown mortgage to any of the other incumbrances was thus settled, but their relations between themselves were determined solely with reference to its foreclosure in that particular proceeding.

In 1901, during the pendency of this suit by Matz and Brown, Arick conveyed the equity of redemption to the defendant Corbett by a quitclaim deed containing a provision that its acceptance should not merge the latter's claim under his mechanic's lien. This fact was not put in evidence, and the judgment-file shows that Corbett was dealt with simply as an incumbrancer, and Arick as still sole owner of the equity of redemption. It is, however, now urged that as

Corbett in fact owned it, at the time when he redeemed the Matz and Brown mortgage, he must be considered as having redeemed as the owner of the equity, and so that, in favor of every incumbrancer, that mortgage became extinguished.

This claim was not made on the trial, but on the contrary both parties acquiesced in the position that the plaintiff as a second mortgagee might redeem the first, or Matz and Brown mortgage, and thus united in affirming the continued existence of the latter.

Corbett, then, having redeemed the Matz and Brown mortgage in the capacity of a junior incumbrancer, stepped into the shoes of Matz and Brown and acquired the first lien upon the land in controversy. As holder of that lien he was properly granted the foreclosure claimed in his cross-complaint, of the plaintiff's interests both under the Kaiser mortgage and the Halsted & Harmount liens.

He was also properly granted, as owner of his mechanic's lien, a foreclosure of the plaintiff's interest under the Kaiser mortgage, since he had shown to the satisfaction of the trial court that the former incumbrance antedated the latter, and since the evidence by which he showed it was, for reasons already stated, not excluded or overcome by any estoppel of record.

There is no error.

In this opinion the other judges concurred, except HAMERSLEY, J., who dissented from so much of it as upholds the validity of the defendant's lien.