THE WATERBURY LUMBER AND COAL COMPANY *vs.*
ROSIE ASTERCHINSKY.

Third Judicial District, New Haven, June Term, 1913.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

An addition to a building is one of "its appurtenances" within the meaning of that expression in General Statutes, § 4135, which authorizes a lien for material furnished or services rendered in the construction of a "building, or any of its appurtenances."

A sale of real estate by its owner after a mechanic's lien has attached but before a certificate thereof has been filed for record, does not affect the validity of the lien; nor does it estop the materialman from subsequently foreclosing his lien to secure payment of his claim, in the absence of any evidence of acts or conduct upon his part which were calculated to mislead or deceive the purchaser respecting the existence of the lien.

The question whether a materialman has waived his right to a lien by

taking a note from the owner of the property for the amount due, depends upon whether the note was given and accepted by the parties in payment of the debt or not, and this is a question of intention for the determination of the trial court, whose finding thereon is conclusive.

Argued June 4th—decided July 25th, 1913.

ACTION to foreclose a lien for material furnished to and used by the defendant's grantor in the construction of an addition to a building, brought to and tried by the Superior Court in New Haven County, *Bennett, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant. *No error.*

*Edward L. Seery,* for the appellant (defendant).

*Lawrence L. Lewis,* for the appellee (plaintiff).

RORABACK, J.   In December, 1911, one Harry Gips was the owner of a certain piece of land situated on North Main Street in Waterbury, upon which at that time stood a building. It appears that the land was a building lot fifty-four by one hundred and twenty feet.

On the 11th day of December, 1911, under an oral agreement made with Gips, the plaintiff began to furnish materials and render services in the construction of an addition to this building. This addition, when finished, formed a part of the building originally standing upon this land. The addition consisted of several rooms, three stores, and a veranda. The plaintiff ceased furnishing materials and rendering services on the 12th day of June, 1912. On the 22d day of July, 1912, and within sixty days from the date of ceasing to furnish materials and render services, the plaintiff executed and filed a good and sufficient mechanic's lien upon these premises. This lien was duly recorded in

the land records of Waterbury on the 22d day of July, 1912. On the 10th day of July, 1912, Gips conveyed these premises to the defendant by a deed recorded in the Waterbury land records. The plaintiff has never been paid for these materials and services thus furnished and rendered.

On May 21st, 1912, Gips executed and delivered to the plaintiff his promissory note for $1,284.43, which note was accepted by the plaintiff and credited upon its books in the same manner as credits for materials returned and cash paid. This note was discounted at the plaintiff's bank. No time was ever agreed upon between Gips and the plaintiff for the payment of materials furnished and services rendered. The note was not paid at maturity, and Gips did not offer to renew the same, and no payment has at any time been made thereon. It was not agreed or understood between the plaintiff and Gips that this note was to be accepted in payment of the debt evidenced thereby. At the time of the acceptance of the note, nothing was said by Gips or the plaintiff as to the plaintiff's right of lien upon the premises, and the plaintiff at all times relied upon the security of this lien and right of lien for the payment of the debt evidenced by the note. At no time did the plaintiff agree or contract to waive its statutory lien or right of lien upon these premises.

The defendant did not inquire of the plaintiff as to whether or not it had ever been paid for its materials and services, or whether the note had ever been paid. At the time the defendant obtained title to the premises she knew that the plaintiff had furnished these materials and rendered the services in question, and she also knew that this note had been executed.

It further appears that the plaintiff had written the following letters to Gips:—

"Waterbury, Conn., May 14, 1912. Mr. Harry Gips,

City. Dear Sir—Provided you are willing to give us mortgage on your North Main Street property for the amount of our book account, subject to prior encumbrances of $6,700, we will consider taking that mortgage, with the understanding that you shall pay $50 per month thereon. The note shall be in the form of a bank note, which shall be renewed every three months. If this proposition interests you at all, please call and see us."

"Waterbury, Conn., May 21, 1912. Mr. Harry Gips, City. Dear Sir—We will accept bank note from you for your book account, without security, provided you will pay on it at least $50 per month until it is paid in full, with interest. Please come in Wednesday and sign the note."

"Waterbury, Conn., May 22, 1912. Mr. Harry Gips, City. Dear Sir—We acknowledge receipt from you of your three months' note for $1,284.43, which balances your book account to date. By accepting this, it is understood that you will pay thereon at least $50 per month until it is paid in full, with interest from to-day at 6%, and that we will allow renewals of the note every three months, provided payments are made as above set forth."

The defendant read these letters.

The plaintiff's certificate of lien stated that it claimed a lien for materials furnished and services rendered in the construction of a building. The defendant had no communication with the plaintiff in reference to its claim against this real estate.

Upon these facts the court below rendered judgment for the plaintiff.

The reasons of appeal raise the following questions: (1) Was the plaintiff entitled to a lien for materials and services furnished and rendered in the construction of an addition to an existing building? (2) Was the

plaintiff estopped from claiming a lien? (3) Did the acceptance of the note, under the circumstances disclosed by the finding, constitute payment of the plaintiff's claim described in the mechanic's lien?

General Statutes, § 4135, provides that "if any person shall have a claim for more than ten dollars for materials furnished or services rendered in the construction, raising, removal or repairs of any building, or any of its appurtenances, and such claim shall be by virtue of an agreement with or by consent of the owner of the land upon which such building is erected or has been moved, or of some person having authority from or rightfully acting for such owner in procuring such labor or materials, such building with the land on which it stands shall be subject to the payment of such claim. Such claim shall be a lien on such land, building, and appurtenances, and shall take precedence of any other incumbrance originating after the commencement of such services, or the furnishing of any such materials." In *Balch* v. *Chaffee*, 73 Conn. 318, 320, 47 Atl. 328, we said, in reference to this section: "The design of the statute was to give one who, by furnishing services and materials, under a contract with the owner of land, had added to its value by constructing a building upon it, or any appurtenances to a building, a substantial security for his proper remuneration. The lien which may be created is therefore made to embrace 'such land, building and appurtenances.' To carry out this intent, it is necessary to give the statute such a construction, if its terms are doubtful, as may serve to make a mechanics' lien of some value." The word "appurtenance," used in the statute, is a word of broader significance than "annex," which is defined by lexicographers as that which is joined, connected, or attached by some physical means. Webster's New International Dictionary and The Standard Dictionary. The

reference in the statute to the appurtenances of a building was plainly meant to cover what might not otherwise have been deemed to belong to it. It is a proper term to describe a wing or addition to a building. Such is the present case.

The question in the case of *Rose* v. *Persse & Brooks Paper Works*, 29 Conn. 256, upon which the defendant relies, was whether a lien on one mill would cover two other mills, not contiguous but owned by the same parties. This court held that it would not.

By the express provisions of the statute (§ 4135) the lien of the plaintiff took "precedence of any other incumbrance originating after the commencement of such services, or the furnishing of any such materials." This date was December 11th, 1911. The defendant did not obtain her deed until the 10th day of July, 1912, nearly a month after the plaintiff ceased furnishing material and rendering services.

The finding does not disclose a case for the application of the doctrine of estoppel. The plaintiff's lien attached to the property when it commenced to furnish materials and render services. The defendant acquired title to the real estate when the plaintiff had substantially completed its work. The defendant knew that the plaintiff had been adding to the value of the real estate she was about to purchase by its labor and materials, and she was chargeable with notice that a lien might attach to this property for these improvements. Justice Story says: "Whatever is sufficient to put a party upon inquiry (that is, whatever has a reasonable certainty as to time, place, circumstances, and persons), is, in equity, held to be good notice to bind him." 1 Story on Equity Jurisprudence (12th Ed.) § 400. The defendant made no inquiry of the plaintiff to ascertain whether it intended to claim a lien for its labor and materials. There was no false representation made by

the plaintiff to any one; there was no intention on its part to deceive. The court has distinctly found that the plaintiff and the defendant at no time communicated upon the subject. The letters that the defendant read were merely communications passing between the plaintiff and a third party in reference to a business transaction, and did not purport to state facts upon which the defendant would be justified in relying. It does not appear that this property was sold to the defendant clear of the plaintiff's lien, and especially with its knowledge and acquiescence. On the contrary, it may be inferred from the finding that the plaintiff knew nothing of this transfer at the time or before it was made. Neither does it appear that the plaintiff performed any work or rendered any services after it had knowledge of this conveyance.

The defendant contends that the conduct of the plaintiff, as disclosed by the finding, constituted a waiver of its right of lien. It is urged that the plaintiff agreed, upon a sufficient consideration, to take the promissory note of Gips, without security, for his debt. This, it is said, formed a special contract, which destroyed the plaintiff's right of lien.

It appears from the finding that Gips executed and delivered to the plaintiff his note for $1,284.43, substantially the amount of its claim against Gips. This note was accepted and credited upon the books of the plaintiff as cash paid. This note was never paid. It was also found that it was not understood that this note was to be accepted in payment of the debt evidenced thereby, and that the plaintiff always intended to rely upon the security of this lien for the payment of this debt. The question of waiver in this case is a question of intention to be determined by the trial court. The finding of the court is conclusive against the defendant upon this point. The plaintiff never expressly agreed

to accept this note in discharge of its lien. The statute subjects this property to a lien for the payment of the plaintiff's debt. This debt has never been paid. The plaintiff's lien is therefore entitled to priority over the defendant's title. *Hopkins* v. *Forrester*, 39 Conn. 351, 354; *Halsted & Harmount Co.* v. *Arick*, 76 Conn. 382, 387, 56 Atl. 628.

There is no error.

In this opinion the other judges concurred.