DOMENICO TRAMONTE *vs.* JOSEPH WILENS.

First Judicial District, Hartford, May Term, 1915.
THAYER, RORABACK, WHEELER, BEACH and BURPEE, Js.

Under the provisions of § 4136 of the General Statutes requiring the certificate of a mechanic's lien to describe the premises, a claim of lien upon too great a quantity of land, if fraudulently or dishonestly made by the lienor, will vitiate the lien; but if such a claim is made in good faith and through mere mistake, and is not grossly inaccurate, it will be effective, at least as between the original parties, upon so much of the land described as may properly be subjected to the lien.

In the present case it appeared that the plaintiff, a building contractor,

claimed a lien upon an entire city lot—upon the eastern third of which stood another building with which the plaintiff had no connection—instead of limiting his claim, as he should, to the other two thirds, upon which stood the brick building which he had erected. The inclusion in the lien of the whole lot was by mistake and in the belief that the lien covered the entire premises. *Held* that while these circumstances were insufficient to support a lien upon the entire lot, they did demonstrate, as matter of law, that the misdescription was not intentionally false, fraudulent, or grossly inaccurate, and hence was not void but effective as to two thirds of the lot.

Argued May 6th—decided July 16th, 1915.

ACTION by a builder to foreclose a mechanic's lien, which was claimed to be invalid in a cross-complaint, brought to and tried by the Superior Court in Hartford County, *Gager, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *Error and new trial ordered.*

The plaintiff entered into a contract with the defendant to construct for him a four-story brick building fronting west on Windsor Avenue, Hartford, upon a lot bounded fifty feet on said Windsor Avenue and one hundred and eighty-five feet on Russell Street, and described in the contract as a single lot. The defendant purchased this lot as a single lot; it was then, and at the time of plaintiff's contract, subject to two mortgages, each covering the entire lot.

The terms of the contract were as follows: Defendant was to pay plaintiff $6,000 during the progress of the work. On completion of building, defendant agreed to procure a first mortgage on said premises, and from the proceeds to pay the two mortgages and procure a second mortgage for $10,000 upon said premises, and to pay plaintiff the balance from these mortgages and the balance of the contract price, with a third mortgage to plaintiff upon these premises.

The parties understood and intended that, so far as

the contract and mortgage conveyances were concerned, this lot was a single lot. At the date of the contract there stood on the easterly part of this lot a three-tenement dwelling. The building constructed under the contract covered two thirds of the entire lot, and there remained between the two buildings a strip of land thirteen feet and nine inches wide, in the middle of which the defendant laid a sidewalk as a way in common for the tenants of each building to reach the rear entrance to their tenements, and the tenants so used the walk. Defendant evenly graded the lot not occupied by these buildings. The rear building was built up to the street line of Russell Street; the front building to the street lines of Windsor Avenue and Russell Street. The buildings were not connected in any way, nor built nor adapted to be used together, and had nothing in common other than the use of the sidewalk. The plaintiff duly filed his mechanic's lien upon the entire lot. The balance due upon the completed contract and covered by the lien, if valid, is $17,940.98, with interest from January 9th, 1914. The inclusion in said lien of the whole lot, instead of the part covered by the brick building and its appurtenances, was by mistake and in the belief that the plaintiff's lien covered the entire lot.

The defendant pleaded, as a first defense, that the contract provided for payment by mortgages and cash, and that the defendant had been and was ready to carry out the contract. The court found the defendant had not made out this defense.

The defendant pleaded, as a second defense, that the lien was invalid because the certificate included that part of the lot upon which the three-tenement brick house stood. The plaintiff replied to this defense by a general denial, and further pleaded that "if it is found as a fact that the plaintiff's lien covers too much

property, the plaintiff is willing and hereby offers to release so much of the property as should not have been included therein."

Defendant also filed a cross-complaint making the allegations of these defenses part thereof, and prayed that the lien be adjudged invalid.

*Henry J. Marks*, for the appellant (plaintiff).

*Louis H. Katz*, for the appellee (defendant).

WHEELER, J.  The trial court adjudged that the mechanic's lien sought to be foreclosed was invalid and, upon the cross-complaint, should be set aside.

If one have a claim for more than $10 for materials furnished or services rendered in the construction of any building or its appurtenances, by virtue of an agreement with or consent of the owner of the land upon which the building is erected, he may secure the same by a lien upon such land, building and appurtenances. The lien will not be valid unless the person having such claim shall, within a stated time, lodge with the town clerk of the town in which said building is situated a certificate in writing, describing the premises, the amount claimed as a lien thereon, and the date of the commencement of the services or the furnishing of materials.  General Statutes, §§ 4135, 4136.

If the language of the statute be taken literally and precisely, every certificate of lien which does not accurately describe the premises and the amount claimed would be invalid.  While we have recognized that the statute is in derogation of the common law, we do not compel a strict construction of its requirements, as this would render the statute useless, but we give it a reasonable construction, so as to effectuate the purpose of the statute.  *Wilcox* v. *Woodruff*, 61 Conn. 578, 585,

24 Atl. 521; *Balch* v. *Chaffee,* 73 Conn. 318, 320, 47 Atl. 327; *Cronan* v. *Corbett,* 78 Conn. 475, 478, 62 Atl. 662; *Lindsay* v. *Gunning,* 59 Conn. 296, 319, 22 Atl. 310. So construing the statute, we held that the incorrect statement of the claim will not invalidate the lien. *Westland* v. *Goodman,* 47 Conn. 83, 86.

In *Marston* v. *Kenyon,* 44 Conn. 349, 356, we held that a lien filed by mistake for twice the amount due was not for that reason invalid. We said: "While we do not intend to weaken the general rule that certificates of lien must speak the truth with reasonable accuracy, a rule in the interest of all persons giving subsequent credit upon the property, we do not think a court of equity can be called upon to declare Mandeville's lien utterly void upon the motion of persons who have lost nothing by his mistake." Again, in *Nichols* v. *Culver,* 51 Conn. 177, 180, we said: "And where the person filing the certificate claims too great a sum, it will not invalidate his lien (certainly as between the parties) unless his misstatement was intentional." *Halsted & Harmount Co.* v. *Arick,* 76 Conn. 382, 387, 56 Atl. 628.

Our rule is the generally accepted one. Kneeland on Mechanics Liens (2d Ed.) § 165; Phillips on Mechanics Liens (2d Ed.) § 356.

Where the misstatement of the claim is intentional, that is, where the statement of the claim is intentionally false, or where it is fraudulent, the lien will be void; but where it is the result of a mistake, the misstatement of the claim will not invalidate the lien. We apprehend that it would be impossible to differentiate between the mistake in the statement of the claim and the mistake in the description of the property claimed to be covered by the lien.

The same reason exists for upholding the lien as to that part of the property correctly described as exists for upholding that part of the claim correctly stated.

A mistake as to claim or description will not void a mechanic's lien; a dishonest or fraudulent statement of claim or description of property will. And so, too, if the statement of claim or description of property be so grossly inaccurate as to show that there was no attempt to state the fact, the lien will be void.

In *Rose* v. *Persse & Brooks Paper Works*, 29 Conn. 256, 266, we held a lien void where the description was grossly inaccurate. To prevent any possible misconception of the ground of the decision, we said: "We have no occasion to say, and do not intend to say, that where a party by mistake includes more land than he can hold subject to his lien, his certificate will be void. That probably will be deemed too harsh a construction of the language of our statute. . . . But where the certificate is either intentionally false, or so grossly inaccurate as to show that there was no attempt to give an accurate and true description, then, if the statute means anything, the certificate ought to be held void, as no better than a total omission to attempt to comply with its provisions."

In *Shattuck* v. *Beardsley*, 46 Conn. 386, 387, the plaintiffs brought their bill in equity for the removal of a cloud upon their title arising from a recorded mechanic's lien. The lien was upon a city lot sixty-five by two hundred feet extending from street to street. Upon one street were two houses; upon the other street two buildings, upon one of which the materials were used and for which the lien was filed. There was a fence dividing the premises nearly in the middle; the defendant lienors did not know of its existence, but supposed the lot was open from street to street. After suit was begun the defendant lienors caused to be recorded a release of claim of lien upon that portion of the lot not under and immediately adjacent to the building upon which their materials were used. The

opinion states (p. 388): "The petitioners urge that the certificate is invalid for the reason that it included too much land. But this proceeding is an adjustment of equities between the parties; it does not appear that the respondents intended to injure or deceive the petitioners or any one else by the inclusion of the entire lot; nor that the petitioners have been injured or misled; nor that the rights of any other person have been affected. . . . The error, if it be one, is not such as should invalidate the lien."

In this case it is not found that the misdescription was either intentionally false, or fraudulent, or grossly inaccurate, or that the defendant has been injured or misled. Certainly the case cited presented a far stronger basis for finding the description grossly inaccurate than the case at bar. In that case the lienors, after suit brought, filed a release of the premises wrongly described; in this case the lienor offers to release such part of the premises as the court finds is wrongly described.

There is no great difference in the equitable position of either lienor. In fact, whether the release was made, or offered to be made, is wholly immaterial upon the issue of the invalidity of the lien. The lien, if invalid, became such through the misdescription. If invalid it was so from its inception. The lienors could not make valid by their act what the law had declared never had a legal existence. We regard this case as decisive of the point that a mistake in the description will not invalidate the lien, and necessarily decisive of the case at bar. That others have construed the opinion in this light and recognized its authority, is apparent from its frequent citation.

The rule, so far as we have been able to ascertain, is universal in other jurisdictions, that a mere mistake in including more land than can be made subject to the

lien will not void the lien; while a fraudulent or inten-
tional misdescription will. *Whitenack* v. *Noe*, 11 N. J.
Eq. (3 Stock.) 321; *Edwards* v. *Derrickson*, 28 N. J. L.
39, 48; *Pollock* v. *Morrison*, 176 Mass. 83, 57 N. E.
376; Phillips on Mechanics Liens (2d Ed.) § 387;
Boisot on Mechanics Liens, § 432; 27 Cyc. 159; 20 Amer.
& Eng. Ency. of Law (2d Ed.) 422; and cases cited
in these several text and reference books.

The facts recited in the finding beyond question
limit the property subject to plaintiff's lien to the west
side of the sidewalk between the buildings, together
with a right in common to the use of the sidewalk. They
also make perfectly clear that the plaintiff misdescribed
the premises covered by his lien, through reliance upon
the fact that the entire lot was a city lot conveyed as
an entirety to the defendant, and was described in the
building contract and in each of the several mortgages
as a single lot, and that the lot was evenly graded and
had a common means of entrance to the rear of each
house.

While these considerations were insufficient to sup-
port a lien upon the rear building, since there was
neither unity of use nor structure between the rear and
front building and each was independent of the other,
they forbid, as matter of law, a conclusion that the
misdescription was intentionally false, or fraudulent, or
grossly inaccurate. Rather they support, as matter of
law, the conclusion that the misdescription was the
result of a mere mistake. And the trial judge has so
found, not specifically in the finding, but in his memo-
randum of decision made a part of the finding. We
there find this statement: "A more difficult proposition
arises with reference to the cross-complaint as to
whether, where a plaintiff has made a mistake and in-
cluded too much land, the owner is entitled to have
the entire lien declared invalid rather than have it de-

clared invalid only as to so much of the land as cannot properly be the subject of the lien under the terms of the statute."

There is error, the judgment is reversed and a new trial ordered.

In this opinion RORABACK and BURPEE, Js., concurred.

THAYER and BEACH, Js., dissented, on the ground that the finding shows that the lienor attempted to include in his lien a building, with the land on which it stands, in respect of which he made no claim to have furnished materials or performed labor, and no claim that it was appurtenant to the building erected by the lienor.