L. A. PARSONS ET AL. *vs.* CHARLES H. KEENEY ET ALS.

First Judicial District, Hartford, March Term, 1923.

WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, JS.

Under our statute relating to mechanic's liens, § 5217, a claim for serv-
ices and material furnished in performing distinct contracts for
the erection and repair of buildings on a farm, owned and operated
as a unit, and in the erection of which the employment is contin-
uous and overlapping, may be made the subject of a single lien
upon the farm and its buildings, for the aggregate amount due
upon the several contracts, provided the certificate be filed within
sixty days after the completion of the last contract.

Argued March 6th—decided April 4th, 1923.

ACTION to foreclose a mechanic's lien, and for damages,
brought to and tried by the Superior Court in Hart-
ford County, *Kellogg, J.;* facts found and judgment
rendered for the plaintiffs for $1,858 damages, only
$476 of which was adjudged to be secured by the lien
sought to be foreclosed, from which the plaintiffs
appealed. *Error; plaintiff's lien held valid for the
whole sum due, and judgment to be entered accordingly.*

*Henry J. Marks,* with whom, on the brief, was *Rein-
hart L. Gideon,* for the appellants (plaintiffs).

*Robert P. Butler,* for the appellee (defendant Keeney).

CURTIS, J.   The defendant Charles H. Keeney, in
1919, was the owner of a farm in Avon known as Maple
Rock Farm.   This farm was operated as a unit, and
various buildings were located on the farm on both
sides of a highway which ran through it.   The farm was
made up of four adjoining pieces of land separated by
ordinary fences which were used in conducting the farm.
   On March 15th, 1919, the defendant contracted

with the plaintiffs to shingle an old barn and cornice on it for $259; work was begun on this contract about March 15th and completed April 24th, 1919. Sometime after making the contract to shingle the barn, the defendant contracted with the plaintiffs to erect, on a portion of the farm somewhat removed from the barn, dog kennels on "an agreed basis of *quantum meruit.*" The work on the dog kennels was finished May 10th, 1919. The date of beginning work on the kennels was not found, otherwise than as appears by necessary inference from the finding. In April, during the progress of the work on the barn, the defendant contracted with the plaintiffs to erect a cow-shed adjoining this barn, at an agreed price of $815; work was begun on the cow-shed during the week of May 24th and ended on July 26th, 1919. The furnishing of services and materials under these contracts overlapped and was made in a continuous period from March 15th to July 26th, 1919. It appears, therefore, by necessary inference from the foregoing facts, that the work on the dog kennels was begun on or before April 24th. On September 5th, 1919, the plaintiffs filed a single certificate of lien upon the entire farm for a single indebtedness arising from the work done under the three contracts.

The trial court found that under the three contracts, at the date of judgment, September 22d, 1922, $1,858.54 was due the plaintiffs. This sum was made up as follows: 1. For shingling barn $259 and interest from April 24th, 1919. 2. For building cow-shed, $460.06 and interest from July 26th, 1919. 3. For building kennels, $890.07 and interest from May 10th, 1919.

The court held that the lien was invalid as to any sums due for shingling the barn and for work on the dog kennels, because the work was done under separate contracts and operations upon each ceased more than

sixty days before the filing of the lien on September 5th. The lien was held valid as to the $476.52 found due for work on the cow-shed, which was completed July 26th, less than sixty days before the filing of the certificate.

The court correctly ruled that the farm and buildings thereon was a lienable unit, for such work done thereon as might be the subject of a mechanic's lien. The work done under these contracts was all such as to form the basis for a mechanic's lien, properly perfected. Under the facts found, the Maple Rock Farm and the buildings upon it are inseparable in their relation to a mechanic's lien for lienable work done thereon, and the farm is lienable as a whole. *Lindsay* v. *Gunning*, 59 Conn. 296, 315, 22 Atl. 310. The plaintiffs claimed, and the court correctly held, that they had an inchoate right to subject the entire farm and buildings on it, under our lien law, to the payment of their valid claims for materials furnished and services rendered upon the buildings in question. The plaintiffs also claimed that because they rendered services and furnished materials in one continuous overlapping employment upon these three buildings on one farm, although under distinct contracts as to each building, they could treat as one claim the whole amount due, and file a valid certificate of lien therefor within sixty days from the date of ceasing operations.

The defendants claimed, on the contrary, that the plaintiffs could subject the farm by lien to the payment of the amount due them for such services and materials only by filing a separate lien as to the services and materials furnished under each contract, and within sixty days after the completion of the work under each contract; and that since the work was completed under two of the contracts more than sixty days before the filing of the plaintiffs' certificate, there was, under the certificate, no valid lien for the amount due under those

contracts. The court sustained this claim of the defendants, and this appeal predicates error upon this ruling.

The mechanic's lien law is the creature of statute, and this statute is to be construed so as to reasonably and fairly carry out its remedial intent. It is not to be construed with unreasonable strictness. *Brabazon* v. *Allen,* 41 Conn. 361, 362; *Cronan* v. *Corbett,* 78 Conn. 475, 478, 62 Atl. 662.

We now turn to the situation presented by the finding. Under the finding, the plaintiffs were occupied and engaged in building operations on the farm in question, which was a lienable unit, under three separate contracts during a continuous and overlapping period from March 15th to July 26th, 1919. A claim then matured for all that was due under these contracts. The plaintiffs reasonably urge, that in order to secure that claim they should be permitted to file one certificate of lien within sixty days from ceasing operations on July 26th, unless the terms of the statute forbid. Let us turn to § 5217 and its requirements, to see whether it forbids the plaintiffs from securing their claim by one certificate of lien, as they attempted to do. The section provides for subjecting land and the buildings thereon, under certain conditions, to a lien securing the value of the materials furnished and services rendered thereon, whereby a claim in favor of the contractor has been created. It is noticeable that the statute does not say that the claim must arise under one contract or from operations on one building. Under the terms of the statute as we construe it, the claim which is the basis of a lien may arise under one contract or more than one contract. It is common knowledge that in carrying out most building operations one or more subordinate contracts for extras are made. It would not be even suggested that each of these

subordinate contracts should be dealt with as a basis for a separate lien. We must construe the statute fairly and reasonably so as to give effect to the intention of the legislature. The legislature has not provided for a separate certificate for materials and services rendered by one party upon a lienable unit under each of several separate contracts, nor for separate certificates for lienable operations on each of several buildings. It has only provided that there must be a lienable claim for materials and services rendered. Where there is a lienable claim arising from distinct contracts as to the same lienable unit of land and buildings, and where these contracts are carried out in a continuous and overlapping employment, the fair and reasonable intent of the statute is to permit the builder to file a certificate of lien for the entire claim arising under all the contracts, without reference to when the work under any particular contract was begun or ended. Under such circumstances the sixty days allowed for filing the certificate would begin when the last operation was performed under the continuous overlapping employment. This course is obviously the least burdensome upon the builder and also upon the landowner, as it lessens the number of certificates to be recorded, and since, during the whole continuous period, operations are being conducted on the land by the builders, actual notice of the possibility of liens is given to anyone interested in that matter. The court erred in not holding that the certificate of lien filed by the plaintiffs was valid and secured their whole claim.

There is error, the judgment is set aside and the cause remanded with direction to enter a judgment of foreclosure covering the whole sum due the plaintiffs, in accordance with this opinion.

In this opinion the other judges concurred.