HERMIDAS BURQUE vs. THE NAUGATUCK LUMBER COMPANY ET AL.

Third Judicial District, Bridgeport, April Term, 1931.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued April 15th—decided June 22d, 1931.

*James P. Sweeney,* for the appellants (defendants).

*Maurice P. Wrenn,* for the appellee (plaintiff).

HINMAN, J. The principal point presented by the appeal is whether, as the appellants contend, the plaintiff's lien, for which the bond was substituted, was invalid in that it attempted to secure, by a single certificate, the unpaid balance due him for labor performed, under a single contract of employment, upon two buildings, a dwelling-house and a five-car garage, both situated on the lot of land described in the certificate.

The mechanic's lien statutes (General Statutes, § 5105 *et seq.*) are not to be construed with unreasonable strictness but fairly and reasonably so as to carry out their remedial intent. *New Haven Orphan Asylum* v. *Haggerty Co.,* 108 Conn. 232, 142 Atl. 847; *Parsons* v. *Keeney,* 98 Conn. 745, 748, 749, 120 Atl. 505; *Cronan* v. *Corbett,* 78 Conn. 475, 478, 62 Atl. 662; *Brabazon* v. *Allen,* 41 Conn. 361, 362. This intent is to give one who, by furnishing services or materials under a contract with the owner of land, has added to its value by constructing a building or buildings upon it, a substantial security for his proper remuneration. To carry out this design it is necessary to give the statute such permissible and reasonable construction as may serve to make a mechanic's lien of some value. *Waterbury Lumber & Coal Co.* v. *Asterchinsky,* 87 Conn. 316, 320,

87 Atl. 739; *Balch* v. *Chaffee,* 73 Conn. 318, 320, 47 Atl. 328. Separate certificates are not required for materials furnished and services rendered by one party, although under several separate contracts, nor for operations under one contract on each of several buildings, upon the same lienable unit of land and buildings. *Parsons* v. *Keeney, supra,* p. 749.

As to the connection and relation as to use between the dwelling-house and the garage here in question, neither the finding nor the evidence which is before us on assignments seeking corrections, especially of the finding, as a fact, that the house and garage were appurtenant to each other, is as full and enlightening as would have been helpful in determining whether these buildings and the lot constitute such a lienable unit. However, the physical situation—both the buildings being erected on a city lot fifty feet front by one hundred feet deep, the garage in the rear of the house and only fifteen to twenty feet distant therefrom—is sufficient, in the absence of facts indicating the contrary, to justify a conclusion that each building was not so independent of and unconnected in purpose and use with the other as to preclude their being subjected, together with the lot on which they stand, to a single lien for services rendered upon both. This would manifestly be so were the garage such as to be adapted only to the ordinary convenience and use in connection with the dwelling-house. The fact that it is of a size suited not only to this purpose but also to afford accommodations for a few other cars is not, of itself, regarded as sufficient to negative such a community of purpose and use as would warrant inclusion of both buildings in the same certificate of lien. Clearly we have not here such an attempt "to make two entirely separate and independent properties as an entirety holden for materials and services which went into the construction of both"

as in *Ginsberg* v. *Capone,* 91 Conn. 169, 173, 99 Atl. 501, upon which the defendants largely rely. We hold the lien to have been valid as against this ground of attack.

Another assignment of error is based upon a claim that the lien is invalidated because the certificate states that the services were rendered in the construction of "a certain building" instead of specifying both the house and the garage as to which the services were actually rendered, and claims a lien "on said building and the land on which it stands." The specific description, in the certificate, of the "land" so referred to covers the entire lot on which both buildings are located. As already indicated, we regard the finding, to the extent that it holds the garage to be an appurtenance to the house, an admissible inference from the general situation, and as such it, as well as the lot, would be within the scope of a lien based upon services contributed to the main structure—the dwelling—(General Statutes, § 5105). Moreover, it is apparent from the claim of lien on the whole lot that the plaintiff intended his security to cover both of the buildings, upon which his services were rendered. "No one who looked at the premises could fail to see that the whole lot could not reasonably be claimed as appurtenant to any single one of the structures, and would therefore be warned by the terms of the certificate that it related to [both] of them, . . . for the convenient use of which the entire lot was required. Nor could it fairly be assumed by anyone who might subsequently acquire an interest in the land, that the words of the certificate referred to one only of the . . . structures, since it was clear that they described [neither] of them in such a way as to distinguish it from the other." *Cronan* v. *Corbett, supra,* p. 478.

The defect in description is not such as should or does render the lien invalid.

It is urged, further, in behalf of the defendant Crosby, that the complaint does not support the judgment rendered against him jointly with the defendant Lumber Company, because his liability as surety on the bond in suit is conditioned upon a judicial determination of the amount secured by the lien and the non-payment thereof by the principal. The condition of the bond sued upon is to the effect that if The Naugatuck Lumber Company or its successors shall pay or cause to be paid to the plaintiff obligee "such amount as a court of competent jurisdiction may adjudge to have been secured" by the lien in substitution for which the bond was given, together with interest and costs, then the obligation of the bond shall be void, otherwise to remain in full force and effect. These terms create conditions precedent to the liability of the surety—an adjudication of the amount secured by the lien, and a failure by the lumber company to pay the same. Until these conditions have been satisfied action as against the surety is premature and no judgment can be obtained as against him. *Sachs* v. *Nussenbaum,* 92 Conn. 682, 686, 104 Atl. 393. Consequently, the present judgment, instead of running against both defendants jointly, should have held only the defendant Lumber Company liable in this action. Recovery against Crosby, the surety, can be had only upon failure of the Lumber Company to satisfy the judgment against it, and in a subsequent action. *Sachs* v. *Nussenbaum, supra,* p. 687.

There is error as to the defendant Crosby, only; as to him, the judgment is reversed and the case is remanded to the Court of Common Pleas with direction to enter judgment in his favor. As to the de-

fendant Naugatuck Lumber Company, the judgment rendered is affirmed.

In this opinion the other judges concurred.