[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
As framed by the parties, the issue before the court is whether a mechanic's lien filed by the named defendant fails on its face to comply with General Statutes § 49-34.[1] The plaintiff has filed an application to discharge that lien claiming that it fails to (1) state that "the amount claimed is justly due" and (2) is not "sworn to" by the plaintiff.[2]
 I
CT Page 4985
General Statutes § 49-34 requires that the lien be "subscribed and sworn to by the claimant. . . ." The plaintiff relies heavily on J. C.Penney Properties, Inc. v. Peter M. Santella Co., 210 Conn. 511,555 A.2d 990 (1989). That case, however, held only "that the oath must appear in writing on the certificate of mechanic's lien for it to be valid under the statute." Id., 511. Here, the certificate of lien states that it was "subscribed and sworn to". More apposite is RedRooster Construction Co. v. River Associates, Inc., 224 Conn. 563,620 A.2d 118 (1993). There, as here, the signature of the president of the liening corporation was notarized. The court held that the certificate of lien was deficient. In Red Rooster, however, the holding of the court was expressly based on the confluence of three factors: "(1) an oral oath was not administered, (2) Red Rooster's president did not sign a statement swearing to the truth of the facts contained in the certificate, and (3) [General Statutes] § 1-22 requires that some ceremony be performed in making an oath. . . ." Id., 579.[3] Here, only the second factor exists. While the issue is a close one, this court holds that the certificate of lien, on its face, does not fail to satisfy the oath requirement of General Statutes § 49-34.
 II
The plaintiff next claims that the certificate of lien is invalid because it does not state that the amount claimed is "justly due". Concededly, the certificate does not contain these words.
In First Constitution Bank v. Harbor Village Ltd. Partnership,230 Conn. 807, 646 A.2d 812 (1994), the court restated that "[i]t is well established that a mechanic's lien `will not be valid unless the person having such claim shall, within a stated time, lodge with the town clerk of the town in which said building is situated a certificate in writing, describing the premises, the amount claimed as a lien thereon, and the date of the commencement of the services or the furnishing of materials. . . .' Tramonte v. Wilens, 89 Conn. 520, 523,94 A. 978 (1915). We also have repeatedly stated, however, that, although a mechanic's lien is in derogation of the common law, we do not compel a strict construction of its requirements. Wilcox v.Woodruff, 61 Conn. 578, 585, 24 A. 1056 (1891). `We have long endorsed a policy favoring liberal construction of claimed inadequacies in certificates of mechanic's liens in order to achieve the remedial purposes of the mechanic's lien statutes.' J. C. Penney Properties,Inc. v. Peter M. Santella Co., 210 Conn. 511, 514, 555 A.2d 990 (1989). We recognize that the remedial purpose of mechanic's lien law is `to furnish security for a contractor's labor and materials' and that this CT Page 4986 beneficent purpose requires `a generous construction.' Seaman v.Climate Control Corp., 181 Conn. 592, 597, 436 A.2d 271 (1980); see J.C. Penney Properties, Inc. v. Peter M. Santella Co., supra, 514 (generous construction requires only reasonable compliance with statutory provisions).
"`In accordance with this policy, our courts have been liberal in validating liens despite claimed errors on the face of the lien certificate where the mistake was made in good faith and no resulting prejudice was claimed. See, e.g., H S Torrington Associates v. LutzEngineering Co., [185 Conn. 549, 555-56, 441 A.2d 171 (1981)] (copy of certificate served on owner by a subcontractor failed to state its intent to file a lien); Morici v. Jarvie, 137 Conn. 97, 102, 75 A.2d 47
(1950) (misstatement of amount due); Pierce, Butler Pierce Mfg.Corporation v. Enders, 118 Conn. 610, 615, 174 A. 169 (1934) (subcontractor mislabeled as contractor and agent); Burque v. NaugatuckLumber Co., 113 Conn. 350, 353, 155 A. 414 (1931) (defect in description); Peck v. Brush, 89 Conn. 554, 556-57, 94 A. 981 (1915) (inclusion of extra land in certificate); Westland v. Goodman, 47 Conn. 83,86 (1879) (erroneous date of completion of work).' J. C. PenneyProperties, Inc. v. Peter M. Santella Co., supra, 210 Conn. 515; see also Halsted Harmount Co. v. Arick, 76 Conn. 382, 387, 56 A. 628
(1904); Nichols v. Culver, 51 Conn. 177, 180 (1883); Marston v. Kenyon,44 Conn. 349, 356 (1877). As we have reasoned many times, `we do not think a court of equity can be called upon to declare [a] lien utterly void upon the motion of persons who have lost nothing by [the] mistake.' Marston v. Kenyon, supra, 356." First Constitution Bank v.Harbor Village Ltd. Partnership, supra. 230 Conn. 815-816.
The certificate states that the defendant "provided labor and materials for the purpose of improvements and renovation to [the plaintiff's] property" and that the defendant "claims a lien amount, including extras, of one hundred and sixty thousand dollars ($160,000.00). As the court has held in part I, the certificate of lien was under oath. In determining whether a certificate or notice "is sufficient, the court should consider the entire communication." Zullov. Smith, 179 Conn. 596, 604, 427 A.2d 409 (1980). Applying this principle to the teachings of First Constitution Bank v. Harbor VillageLtd. Partnership, supra, 230 Conn. 807, and in the absence of any showing of prejudice to the plaintiff, the court holds that the requirement of the statute that the lienor state that the amount claimed is justly due is substantially complied with. The court finds persuasive the defendant's argument that the oath supplies the requirement that the certificate state that the amount claimed is "justly due". To hold otherwise would elevate form over substance. CT Page 4987 Connecticut courts "have often stated that we will not exalt form over substance. State v. Rosedom, 34 Conn. App. 141, 143, 640 A.2d 634
(1994); Wilton v. McGovern, 33 Conn. App. 517, 521, 636 A.2d 870, cert. denied, 228 Conn. 928, 640 A.2d 116 (1994); Connecticut National Bankv. Browder, 30 Conn. App. 776, 779, 622 A.2d 588 (1993); Tolland Bankv. Larson, 28 Conn. App. 332, 337, 610 A.2d 720 (1992)." Brown v.Rosen, 36 Conn. App. 206, 210-211, 650 A.2d 568 (1994). Such exaltation might be necessary if the statute prescribed a certain form for the document in question; see e.g., General Statutes §§ 1-36, 1-38, 1-56i,10a-61, 12-183, 14-65g, 19a-204, 19a-575,19a-575a, 19a-577, 20-211a,20-229, 20-325e, 21-67a, 23-53, 25-101,31-296, 42-135a, 42-227,45a-624b, 45a-624c, 47-5, 47-71b, 47a-23,49-3, 49-4, 49-10, 49-35a,49-64, 50a-5, 50a-57, 52-308, 52-325a,52-380a; but it does not.
The application to discharge the mechanic's lien is denied.
BY THE COURT
Bruce L. Levin Judge of the Superior Court