## J. C. Penney Properties, Inc. *v.* Peter M. Santella Company, Inc.
### (13490)

Peters, C. J., Healey, Shea, Glass and Hull, Js.

Argued January 5—decision released March 28, 1989

*Frederick D. Paoletti,* for the appellant (plaintiff).

*Andrew P. Nemiroff,* with whom, on the brief, was *Joseph T. O'Connor,* for the appellee (defendant).

Hull, J. The sole issue in this appeal is whether the provision in General Statutes § 49-34 (1) (C), directing that a certificate of mechanic's lien be sworn to by the claimant, requires a written recital of the oath-taking on the certificate. We hold that the oath must appear in writing on the certificate of mechanic's lien for it to be valid under the statute. Accordingly, we conclude that the trial court erred in upholding the validity of a certificate of mechanic's lien that contained no written oath.

The facts pertinent to this appeal are as follows. Pursuant to General Statutes § 49-34,[1] on November 16,

---

[1] "[General Statutes] Sec. 49-34. CERTIFICATE OF LIEN TO BE RECORDED AND NOTICE GIVEN TO OWNER. A mechanic's lien is not valid, unless the

1987, the defendant electrical contractor filed a certificate of mechanic's lien in Danbury for $494,768, as security for electrical work in the construction of a J. C. Penney store in Danbury.[2] On March 25, 1988, the plaintiff, J. C. Penney Properties, Inc., filed an application to discharge or reduce the certificate of mechanic's lien. General Statutes § 49-35a. At the hearing on the application, the plaintiff argued that the certificate failed to satisfy the requirement that it be sworn in accordance with General Statutes § 49-34 (1) (C). The defendant argued that the statute requires only a signing under oath, and that the oath need not be set forth in the document itself. Clifford Gideon, the defendant's officer who signed the certificate, testified that Richard Raphael, an attorney, had administered an oath prior to the signing of the certificate. Raphael also testified that he had taken Gideon's statement under oath. The court, *Hickey, J.,* in an oral opinion, denied the plaintiff's application. This appeal followed.[3]

---

person performing the services or furnishing the materials, (1) within ninety days after he has ceased to do so, lodges with the town clerk of the town in which the building, lot or plot of land is situated a certificate in writing, which shall be recorded by the town clerk with deeds of land, (A) describing the premises, the amount claimed as a lien thereon, the name or names of the person against whom the lien is being filed and the date of the commencement of the performance of services or furnishing of materials, (B) stating that the amount claimed is justly due, as nearly as the same can be ascertained, and (C) subscribed and sworn to by the claimant, and (2) within the same time, or prior to the lodging of the certificate but not later than thirty days after lodging the certificate, serves a true and attested copy of the certificate upon the owner of the building, lot or plot of land in the same manner as is provided for the service of the notice in section 49-35."

[2] The defendant filed an identical second certificate on November 19, 1987, to cure a perceived defect in service. We consider both certificates as one.

[3] The plaintiff briefed the issue as follows: "Whether the trial court erred in denying plaintiff's application for discharge or reduction of mechanic's lien, by finding the defendant complied with Connecticut General Statutes § 49-34 (1) (C) requiring the certificate of mechanic's lien be sworn to, on the basis of parol evidence, when the certificate of mechanic's lien itself does not indicate an oath was administered or otherwise sworn to." The

The parties do not dispute that Gideon acknowledged the certificate of mechanic's lien before Raphael.[4] Nor is there any question that such an acknowledgment is not equivalent to an oath swearing to the contents of the certificate. "It is not uncommon for the legislature to require that certain documents be acknowledged or verified. Such an acknowledgment is a public declaration or a formal statement of the person executing an instrument made to the official authorized to take the acknowledgment that the execution of that instrument was his free act and deed. . . . On the other hand, a requirement that a document be 'sworn to' contem-

defendant stated the issue as follows: "Whether the trial court erred in considering parol evidence to determine that the certificate of mechanic's lien was sworn to as required by Connecticut General Statutes § 49-34 (1) (C)."

We believe the parties have misstated the issue. This case is not about the parol evidence rule. It concerns simply the validity of an oath on a mechanic's lien not in writing on the certificate of lien.

[4] The last portion of the defendant's Exhibit 3 provides: "On this the 16th day of November, 1987, before me, RICHARD H. RAPHAEL, the undersigned officer, personally appeared, CLIFFORD S. GIDEON, who acknowledged himself to be the Vice President Finance of PETER M. SANTELLA COMPANY, INC., a Corporation, and that he, as such Vice President Finance, being authorized so to do, executed the foregoing instrument of the purposes therein contained, by signing the name of the corporation by himself as Vice President Finance.

"In witness whereof I hereunto set my hand.

/S/

Richard H. Raphael
Commissioner of the Superior Court"

The last portion of the defendant's Exhibit 4 provides: "On the the 17th day of November, 1987, before me, RICHARD H. RAPHAEL, the undersigned officer, personally appeared, CLIFFORD S. GIDEON, who acknowledged himself to be the Vice President Finance of PETER M. SANTELLA COMPANY, INC., a Corporation, and that he, as such Vice President Finance, being authorized so to do, executed the foregoing instrument of the purposes therein contained, by signing the name of the corporation by himself as Vice President Finance.

"In witness whereof I hereunto set my hand.

/S/

Richard H. Raphael
Commissioner of the Superior Court"

plates the execution of an affidavit that the facts contained in it are true. 3 Am. Jur. 2d 380, Affidavits, § 2." (Citations omitted.) *State* v. *Wolfe,* 156 Conn. 199, 205, 239 A.2d 509 (1968).

"An acknowledgment is a verification of the fact of the execution of the instrument but not of its contents. 1 Am. Jur. 316 § 2, 343 § 70; 1 Words & Phrases 620; *Pittis* v. *Abrams,* 129 N.Y.S.2d 216, 217 [1954]. A verification, on the other hand, is a sworn statement of the truth of the facts stated in the instrument verified. It always involves the administration of an oath. 1 Am. Jur. 942 § 13, 949; 44 Words & Phrases 138, 142." *Bell & Zajicek, Inc.* v. *Heyward-Robinson Co.,* 23 Conn. Sup. 296, 298, 182 A.2d 339 (1962).

We have long endorsed a policy favoring liberal construction of claimed inadequacies in certificates of mechanics' liens in order to achieve the remedial purposes of the mechanics' lien statutes. "Provisions of mechanics' lien law should be liberally construed so as to reasonably and fairly implement its remedial intent." *H & S Torrington Associates* v. *Lutz Engineering Co.,* 185 Conn. 549, 553, 441 A.2d 171 (1981). We have also recognized, however, that such a policy has limitations: "[T]he principles that guide our interpretation of mechanic's lien legislation are well settled. Although this legislation creates a statutory lien in derogation of the common law . . . its remedial purpose to furnish security for a contractor's labor and materials requires a generous construction. . . . Generosity of spirit does not, however, permit departure from reasonable compliance with the specific provisions of the statute. *Stone* v. *Rosenfield,* [141 Conn. 188, 191, 104 A.2d 545 (1954)]; *City Lumber Co.* v. *Borsuk,* [131 Conn. 640, 645, 41 A.2d 775 (1945)]." (Citations omitted.) *Camputaro* v. *Stuart Hardwood Corporation,* 180 Conn. 545, 550–51, 429 A.2d 796 (1980).

In accordance with this policy, our courts have been liberal in validating liens despite claimed errors on the face of the lien certificate where the mistake was made in good faith and no resulting prejudice was claimed. See, e.g., *H & S Torrington Associates* v. *Lutz Engineering Co.,* supra, 155–56 (copy of certificate served on owner by a subcontractor failed to state its intent to file a lien); *Morici* v. *Jarvie,* 137 Conn. 97, 102, 75 A.2d 47 (1950) (misstatement of amount due); *Pierce, Butler & Pierce Mfg. Corporation* v. *Enders,* 118 Conn. 610, 615, 174 A. 169 (1934) (subcontractor mislabeled as contractor and agent); *Burque* v. *Naugatuck Lumber Co.,* 113 Conn. 350, 353, 155 A. 414 (1931) (defect in description); *Peck* v. *Brush,* 89 Conn. 554, 556–57, 94 A. 981 (1915) (inclusion of extra land in certificate); *Westland* v. *Goodman,* 47 Conn. 83, 86 (1879) (erroneous date of completion of work). The defendant, however, has cited no Connecticut case in which a court has validated a certificate of mechanic's lien despite the clear absence of a necessary statutory element of the certificate, nor have we found such a case.

Three Connecticut cases lead us to conclude that the liens in this case are invalid. *Bell & Zajicek, Inc.* v. *Heyward-Robinson Co.,* supra, is the closest on point. In that case, the Superior Court held that a certificate of mechanic's lien that was merely acknowledged, but not sworn to, was invalid. The only distinction between the present case and *Bell & Zajicek, Inc.,* is the attempted validation of the certificate in this case by the testimony of the oath taker.

The case of *Kelly* v. *Alling,* 84 Conn. 487, 80 A. 782 (1911), is persuasive by analogy. In *Kelly,* General Statutes (1902 Rev.) § 4138[5] allowed the defendant prop-

[5] General Statutes (1902 Rev.) § 4138 provides: "No such lien shall attach to any building or its appurtenances, or to the land on which the same may stand, in favor of any person, to a greater amount in the whole than the price which the owner agreed to pay for such building and its appurtenances;

erty owner credit for all the payments he may have made in good faith to an original contractor before receiving notice of a claim of lien by a subcontractor. We held that the notice referred to in § 4138 referred only to the statutory notice described in General Statutes (1902 Rev.) § 4137.[6] We concluded that oral notice

and when there shall be several claimants, and the amount of their united claims shall exceed such price, the claimants, other than the original contractor, shall be first paid in full, if the amount of such price is sufficient for that purpose; but if not, it shall be apportioned among the claimants having such liens, other than the original contractor, in proportion to the amount of the debts due them respectively; and the court having jurisdiction thereof, on application of any person interested, may direct the manner in which such claims shall be paid; but in determining the amount to which any lien or liens shall attach upon any land or building, the owner of such land or building shall be allowed whatever payments he shall have made, in good faith, to the original contractor or contractors, before receiving notice of such lien or liens. No payments made in advance of the time stipulated in the original contract shall be considered as made in good faith, unless notice of intention to make such payment shall have been given in writing to each person known to have furnished materials or rendered services at least five days before such payment is made.''

[6] General Statutes (1902 Rev.) § 4137 provides: "No person other than the original contractor for the construction, raising, removal, or repairing of the building, or a subcontractor, whose contract with such original contractor is in writing, and has been assented to in writing by the other party to such original contract, shall be entitled to claim any such lien, unless he shall, after commencing, and not later than sixty days after ceasing, to furnish materials or render services for such construction, raising, removal, or repairing, give written notice to the owner of such building that he has furnished or commenced to furnish materials, or rendered or commenced to render services, and intends to claim a lien therefor on said building; which shall be served upon said owner, if he resides in the same town in which said building is being erected, raised, removed, or repaired, by any indifferent person, by leaving with him or at his usual place of abode a true and attested copy thereof; and if said owner does not reside in said town, but has a known agent therein, such notice may be so served upon said agent, otherwise it may be served by any indifferent person, by mailing a true and attested copy of said notice to such owner at the place where he resides; and when there shall be two or more owners, such notice to one of them shall be notice to all; and said notice with the return of the person who served it indorsed thereon shall be returned to the original maker thereof within said period of sixty days. No subcontractor, without a written contract complying with the provisions of this section, and no person

and notice by letter were not proof that payments by the owner to the contractor, in accordance with the contract, were not made in good faith, and that the letter was properly excluded from evidence.

We reach back 169 years for the most cogent analogy. In *Pendleton* v. *Button,* 3 Conn. 406 (1820), the defendant proposed to prove that title to certain land was in one Stoddard, and to this end offered in evidence a deed that had never been acknowledged in writing, together with accompanying testimony that a parol acknowledgment was actually made. We stated: "This evidence was rejected; and most correctly. It is provided by statute, that no deed shall be accounted complete in law, to convey real estate, but such as is written witnessed, *acknowledged,* and recorded. *Tit.* 142, *c.* 1. *s.* 7. The acknowledgment, to be recorded, must necessarily, be in writing; and such is the invariable practice. To the record all men recur, for the purpose of ascertaining the title of lands; and to satisfy the enquiry, a written acknowledgment is indispensably necessary." (Emphasis in original.) Id., 412.

We conclude that a certificate of mechanic's lien under General Statutes § 49-34 is sufficiently like a deed of land to make *Pendleton* dispositive of this case. Section 49-34 (1) provides that the "certificate in writing . . . shall be recorded by the town clerk with deeds of land . . . . " Unlike the effect of a mere notice, as claimed by the defendant, a lien certificate may effect a transfer of land title by means of a foreclosure of the lien. See *City Lumber Co. of Bridgeport, Inc.* v. *Murphy,* 120 Conn. 16, 19, 179 A. 339 (1935) ("[i]n all essential respects the attributes of foreclosure of mortgages apply to mechanics' liens").

who furnishes material or renders services by virtue of a contract with the original contractor or with any subcontractor, shall be required to obtain an agreement with, or the consent of, the owner of the land, as provided in § 4135, to enable him to claim a lien under this section."

Moreover, our conclusion accords with common sense. "In construing a statute, common sense must be used, and courts will assume that the legislature intended to accomplish a reasonable and rational result." *Stoni* v. *Wasicki,* 179 Conn. 372, 376–77, 426 A.2d 774 (1979). The defendant argues that the statute does not require that the swearing to the contents of the certificate be in writing. In considering a statute that authorizes a certificate of mechanic's lien in writing, however, we cannot ascribe to the legislature an intent that an essential part of this certificate need not be in writing. Such a certificate may take precedence over prior encumbrances and may furnish the basis for a foreclosure of the subject premises. General Statutes § 49-34 describes the contents of such a certificate with great detail. To validate a certificate without a written oath would invite confusion, delay and uncertainty into an area where certainty and complete compliance with the statutory requirements are of paramount importance to interested parties and the general public. As the Supreme Judicial Court of Massachusetts said, in a case concerning a statutory lien arising out of labor or materials furnished in a public building project: "There are practical considerations of importance . . . . The sworn statement is designed in part to be the basis of action by others who are entitled to like relief and by public officers. To hold there need be no [sworn statement] attached would open the door to fraud difficult to detect." *Cook Borden & Co.* v. *Commonwealth,* 293 Mass. 174, 180, 199 N.E. 551 (1936).

We hold that the mechanic's lien at issue in this case is invalid because it did not contain a written oath that it had been sworn to by the signer.

There is error, the judgment is set aside and the case is remanded to the trial court with direction to render judgment discharging the lien.

In this opinion the other justices concurred.