[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT CT Page 7513
I.
The plaintiff has filed the present action seeking to foreclose a mechanic's lien dated July 17, 1991 which it filed with the Berlin Town Clerk against the defendants William A. Albert, Frank H. Albert and Marion Kutz dba West Lane Associates in the sum of $116,024.44. Two creditors of the above named defendants, W. G. Glenney Company d/b/a Continental Lumber Company and Gerrity Company, Inc., have filed answers maintaining that the mechanic's lien is invalid as the verification and oath was not attached to the certificate that was recorded.
The plaintiff's affidavits, which are not controverted, clearly indicate that the oath was taken in compliance with General Statutes 49-34(1)(c). The problem was simply that the validation and oath were stapled to the wrong document, the Notice of Intent to Claim Lien, instead of the Certificate itself. Thus, when the certificate was recorded, the validation and oath were not attached to it. The plaintiff has filed the instant motion for summary judgment arguing that the defect was de minimus.
 II.
Summary judgment motions are controlled by Practice Book 380 which requires the adverse party to file opposing affidavits and other available documentary evidence. "To oppose a motion for summary judgment successfully the nonmovant must recite specific facts in accordance with Practice Book 380 and 381, which contradict those stated in the movant's affidavits and documents." State v. Goggin, 208 Conn. 606,617 (1988). The defendants have not filed any opposing affidavits and indeed, at the hearing, conceded that they did not dispute the movant's facts.
This court believes that Connecticut National Bank v. Lorenzato, 221 Conn. 77 (1992) is completely dispositive of this case. In Lorenzato, a properly executed mortgage was recorded with an unsigned signature page. The court, at 82, distinguished between an "imperfectly executed" document, see J.C. Penney Properties, Inc. v. Peter M. Santella Co.,210 Conn. 511 (1989), and an "imperfectly recorded" document. "The former is a nullity and is therefore, incapable of giving constructive notice; the latter affords constructive notice to subsequent third party creditors to the extent that the mortgage, as recorded, contains sufficient information to put a title searcher on inquiry." Lorenzato, supra, 83. As this CT Page 7514 lien was properly executed, it is unlike that in J. C. Penney Properties, supra, where the lien lacked a written oath and thus failed to comply with General Statutes 49-34(1)(c).
 III.
As this court finds there is no genuine issue of material fact and that the plaintiff's mechanic's lien complies with General Statutes 49-34, plaintiff's motion for summary judgment is granted.
MARSHALL K. BERGER, JR., JUDGE, SUPERIOR COURT