[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff instituted the present action to foreclose a mechanic's lien placed upon the property of the defendants as a CT Page 9534 result of the furnishing of building supplies utilized by the general contractor in remodeling the defendants' home. The defendants have filed a motion for summary judgment asserting that the general contractor was not registered under the Home Improvement Act and, therefore, the contract between the defendants and the contractor is invalid and unenforceable. The defendants further assert that the plaintiff's claims regarding the mechanic's lien are derivative in nature and that the plaintiff is not entitled to relief sought because of the failure of the contractor to comply with the Home Improvement Act.
Our law with respect to the mandated compliance with the Home Improvement Act, General Statutes 20-418 et seq., is summarized in the case of Wadia Enterprises Inc. v. Hirschfeld, 27 Conn. App. 162,167 (1992). The Wadia case and the cases therein cited relate to the invalidity and unenforceability of a contract between a homeowner and a contractor when the provisions of the Act are not complied with. Those cases do not purport to resolve the situation in which a party, in the position of the present plaintiff, provides materials and supplies which are incorporated in property of the homeowner. While a mechanic's lien is a creature of statute and its validity requires compliance with the statutes, our courts have been liberal in effectuating the purpose of mechanics liens, which is to provide security for the payment of claims for one who supplies services or materials. See such cases as J. C. Penny Properties Inc., v. Santella Co., Inc., 210 Conn. 511, 514 (1989); H S Torrington Associates v. Lutz Engineering Co., 185 Conn. 459,553 (1981).
Our mechanics lien statute, General Statutes 49-33, provides for a mechanic's lien "where services or materials are supplied by virtue of an agreement with or by consent of the owner of the land upon which the building is being created." No question is raised in the present case that the materials furnished by the plaintiff were not incorporated in the property of the defendants with their consent. The sole claim that is that, pursuant to the Home Improvement Act, the deficiencies in the contract between the defendants and the general contractor prevents the enforceability of that contract. Our mechanic's lien statutes require only that the materials be furnished with the consent of the owner. There is nothing contained in the Home Improvement Act which would indicate that its provisions are intended to apply to a party in the position of the plaintiff who simply furnished materials. If plaintiff, in order to sustain its mechanic's lien, were required to demonstrate full compliance with the Home Improvement Act, the CT Page 9535 court would be imposing conditions not contained in our mechanic's lien statutes. Accordingly, the court declines to expand the provisions of the Home Improvement Act so as to make those provisions applicable to a supplier of materials.
The defendants also claim that the mechanics lien is defective because it must be" subscribed and sworn to by the claimant" pursuant to General Statutes 49-34. From the papers submitted to the court, it appears that such a requirement has been satisfied.
Accordingly, the Motion for Summary Judgment is hereby denied.
RUSH, J.