[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
All of these cases have been consolidated, as they all involve a common defendant, New Waterbury Ltd., the owner of commercial property in the City of Waterbury. The plaintiffs and two cross-claimants[1] in each of these cases are subcontractors or suppliers who claim to have performed services or supplied materials to the premises owned by this defendant. The plaintiffs and cross-claimants have filed mechanic liens and bring these actions to foreclose on same. The defendant in all cases has filed a Motion for Summary Judgment, claiming the liens filed are invalid because they fail to comply, with the provisions of 49-34 of the Connecticut General Statutes.
The facts in each case, except the matter involving the cross-claimant, Stonhard, Inc., are similar. The court will deal with the cross claim of Stonhard separately below, and will consider the claims of the plaintiffs and the cross-claimant, Ceiling Systems, Inc., collectively.
In each of these matters (the claims of the eleven plaintiffs and cross-claimant, Ceiling Systems), the lienor-claimants CT Page 9157 have signed the lien, without acknowledging that the facts contained in the lien were true or asserting an oath as to their validity. In each case, however, a notary or commissioner has acknowledged that the lienor-claimant did swear before him of the truth of the facts contained in the lien. In each case, the notary and or commissioner's affidavit appears on the lien document. These facts are not disputed and in any event, the court can, for the purposes of this motion, assume them to be true. Pettengill v. Pettengill, 18 Conn. App. 557, 558 (1989).
It is the defendant's claim in this motion that 49-34(1)(c) of the Connecticut General Statutes requires that the lienor-claimants must sign a statement which contains an oath the statements in the lien are true. This court does not agree. The defendant cites Red Rooster Construction Co. v. River Associates, Inc., 224 Conn. 563 (1993), in support of its claim. In Red Rooster, the lienor did not sign a statement swearing to the truth of the facts contained in the certificate nor was there a valid notary certificate that an oath was administered to the lienor. In that case, the notary later denied that the lienor was administered an oath. It was that fact, namely that an oath was not administered to the lienor that the court found critical, and therefore, invalidated the lien, since it was not "sworn to" as required under the statute. The court refused to speculate whether a written statement by the lienor swearing to the facts of the certificate without an oath, would satisfy the provisions of 49-34(1)(c) that the certificate be "subscribed and sworn to by the claimant" The court did hold that a certificate with an oath did satisfy the requirements of the statute. Id. at 577.
In each of the instant cases, the certificates contained an oath "sworn to" by a notary or commissioner that the lienor swore to the truth of the statements contained in the certificate which is also a requirement of that statute. J.C. Penney Properties, Inc. v. Peter Santella Co., 210 Conn. 511
(1989).
The court finds that the provisions of 49-34(1)(c) have been satisfied by each of these plaintiffs and the cross-claimant, Ceiling System, Inc., and therefore, the defendant's Motion for Summary Judgment in each of these cases should be denied.
Concerning the cross-claim of Stonhard, Inc., the facts are CT Page 9158 significantly different than the other matters. In that case, the lienor-claimant did not sign a statement acknowledging the truth of the statements contained in the certificate, nor did a notary or commissioner acknowledge that an oath was administered to the lienor-claimant who swore to the truth of the facts contained in the certificate. The notary/commissioner in Stonhard merely swore that the lienor-claimant signed the certificate "as his free act and deed as Vice President and the free act and deed of said corporation" In this case, there is no indication that the lienor swore to the truth of the statements contained in the certificate as mandated by 34(1)(c). This case is similar to Red Rooster, supra. As to the cross-claim of Stonhard, Inc., the court will grant the defendant's Motion for Summary Judgment.