[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case had its genesis in a June, 1992 flood that caused widespread damage throughout the downtown Meriden area. Among those sustaining damage was The Cabin Restaurant, a local eatery owned at that time by the named defendants, Sebastian Paguni, Jr. and Anthony Paguni, as well as by one Walter Evilia.[1]
Following the flood, the owners of The Cabin, through their licensed public adjuster, Peter Gostyla, arranged to have an entity called Crystal Restorations extract the water from The Cabin and clean and disinfect the carpets. Crystal quickly found that it did not have equipment suitable to the task, and a Crystal representative, Richard Naccarato, contacted the plaintiff to look at the work. The plaintiff in fact extracted the water from 7,000 square feet of carpeting at The Cabin, applied several applications of mildewcide and deodorizer, cleaned the carpets and almost completely dried them in time for The Cabin to host a banquet that had been scheduled for Tuesday, June 9. The plaintiff subsequently submitted a bill in excess of $11,000 which the defendants have refused to pay.
The plaintiff has brought this action in three counts, seeking, in the first count, foreclosure on a mechanic's lien; in the second count, collection of the amounts due under an alleged oral contract with the defendants; and, in the third count, damages under a quantum meruit theory. The defendants have responded that the mechanic's lien was improperly served and is CT Page 5399 therefore invalid, that there was no agreement between the parties and that the value of the plaintiff's services was considerably less than the amount billed.
Issue having been joined as to all three counts, trial was had over parts of five days, during which the court received testimony from the plaintiff, Robert Galba, Sr.; his son, Robert Galba, Jr.; John Gladys, the president of Dry Air Systems, an environmental drying and flood restoration contractor; Richard Naccarato of Bristol Restoration Services; Deputy Sheriff Alphonse Paolillo; Anthony Paguni; Sebastian Paguni, Jr.; Peter Gostyla and Henry Sawicki, who owns his own carpet cleaning and restoration business.[2] The court also received numerous documentary exhibits from both parties.
The court, having heard the evidence, finds that the plaintiff has failed to prove the existence of an actual agreement between him and the defendants. The court does not believe that the plaintiff was dishonest in this regard, but rather that, given the flurry of activity that was occurring as the defendants struggled to clean their restaurant and make arrangements so that it could reopen as quickly as possible, many words might have been exchanged without a meeting of the minds. The plaintiff has thus failed to prove count two of its complaint.
As to count three, it became clear from the testimony received at the trial, including that from the expert witnesses for the plaintiff and the defendant (John Gladys and Henry Sawicki, respectively) that there are many approaches to pricing the kind of work performed by the plaintiff. Among the methods discussed were a flat per square foot charge, individual per square foot charges for the various individual operations that go into a carpet cleaning and restoration, hourly rates for individual work, hourly rates for crew work, "Blue Book" based rates based on the nature of the work done, and so on. Neither party advanced a compelling argument for preferring any one of these methods over the others.
Beyond the testimony regarding the method of bill calculation, there was testimony tending to suggest that it was legitimate to charge a somewhat higher rate for commercial work than for residential work. Additionally, the need of the defendants to have the work completed within forty-eight hours so as to permit it to hold the banquet that had been scheduled for CT Page 5400 Tuesday, June 9, surely would have justified some kind of premium, since the consequences of failure to complete the task within that period would have been the loss of several thousand dollars worth of revenue. On the other hand, the expert witnesses for both sides based their proposed billing approaches on the premise that, as employers, they would also have withheld state and federal taxes, contributions to social security and unemployment compensation and perhaps provided benefits to their employees as well. The plaintiff testified candidly that he paid all of his workers on this job in cash and does not have records that could demonstrate that he paid taxes, social security or benefits. Since the failure to make such payments would produce an ill-gotten windfall to the plaintiff, the court feels obliged to discount the value of his services accordingly.
The defendants have conceded that the plaintiff performed a service for them and that he is entitled to be compensated on a quantum meruit basis. They disagree only over the quantum. The court has applied the various suggested billing approaches to the nature of the work performed and has concluded that, on balance, a billing rate of $1 per square foot represents a fair evaluation of the work performed as well as the circumstances under which it was performed. The plaintiff is therefore entitled to a judgment in the amount of $7000 on count three of his complaint.
As to count one, the purported mechanic's lien was rendered defective due to improper service. Although "our courts have been liberal in validating liens despite claimed errors on the face of the lien certificate where the mistake was made in good faith and no resulting prejudice was claimed, J.C. Penney Properties, Inc.v. Peter M. Santella Co., 210 Conn. 511, 515 (1989), such a policy does not "permit departure from reasonable compliance with the specific provisions of the statute." Id at 514. The fact that the owners of the property in which The Cabin Restaurant is housed are related to and have the same surnames as the owners of the restaurant does not excuse the plaintiffs from making service of the mechanic's lien in accordance with the statute. Moreover, beyond the issues related to service of the mechanic's lien, the plaintiff presented no evidence tending to show that the owners of the 103-105 Colony Street property had in any way agreed to or consented to any of the services rendered in connection with this case.
The defendants had moved to dismiss count one of the plaintiff's complaint at the close of the plaintiff's case. The CT Page 5401 court reserved decision on this issue, and, having received and reviewed the parties' briefs, it now grants the defendants' motion to dismiss.
Count one of the plaintiff's complaint is dismissed. Because the plaintiff has not established the existence of a contract between him and any of the defendants, judgment will enter in favor of the defendants as to count two. In the absence of a contract, judgment will enter in favor of the individual defendants Sebastian Paguni, Jr. and Anthony Paguni as to count three, but in favor of the plaintiff in the amount of $7000 plus costs as to the corporate defendant, The Cabin Restaurant, Inc.[3]
Jonathan E. Silbert, Judge