[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION TO DISCHARGE MECHANIC'S LIEN
On October 11, 1988, the plaintiff, Charles P. Jackson, filed a complaint to foreclose on two mechanic's liens placed on the defendant Robert A. Fortunato's property. Fortunato filed an application to discharge or reduce the liens on February 5, 1996.
The defendant argues that the liens should be discharged because the plaintiff failed to sign a statement swearing to the facts contained in the mechanic's liens. The lien contains the plaintiff's signature followed by an attestation clause signed by the notary stating that the plaintiff "made solemn oath to the truth of the [lien]."
General Statutes § 49-34 provides that a mechanic's lien is invalid unless the certificate of the lien filed on the land records is "subscribed and sworn to by the claimant." "[T]he mechanic's lien statute requires the performance or execution of an oath swearing that the facts contained in the document are true."Red Rooster Construction Co. v. River Associates, Inc., 224 Conn. 563,577-78, 620 A.2d 118 (1993). In the case of J.C. PenneyProperties, Inc. v. Peter M. Santello Co., 210 Conn. 511,555 A.2d 990 (1989), the court held that "the oath must appear in writing on the certificate of mechanic's lien for it to be valid under the statute." Id., 511. In that case there was only a clause acknowledging the signature, there was no attestation clause. The CT Page 3399 Red Rooster case held that the notarized signature of the president was not sufficient. Red Rooster Construction v. RiverAssociations, supra. However, the holding was expressly based on the finding of three factors: "(1) an oral oath was not administered, (2) Red Rooster's president did not sign a statement swearing to the truth of the facts contained in the certificate, and (3) § 1-22 requires that some ceremony be performed in making an oath." Id., 570.
Two superior courts have addressed the situation where the lien contains the lienor's signature followed by a commissioner's attestation clause, but there is no testimony that the commissioner did not actually administer the oath. Technico-Op v. AlvinConstruction Company, Superior Court, judicial district of Fairfield, Docket No. 321181 (May 22, 1995, Levin, J.); Brass CityConcrete v. New Waterbury Ltd. et al., Superior Court, judicial district of Waterbury, Docket No. 097468 consol. (October 28, 1993, Pellegrino, J., 8 CSCR 1208). Both courts held that the certificate, without testimony that the oath was not given, satisfies the oath requirement. In Brass City, the court held that the critical factor in the Red Rooster decision was the notary's testimony that he had not performed the oath ceremony.
There was no evidence that the oath was not administered. The application to discharge the mechanic's lien is denied.
RICHARD J. TOBIN, JUDGE.