[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Two motions were marked ready on the June 12, 2000 Foreclosure Short Calendar: Motion To Dismiss, No. 122, and Motion to Cite in Third Party Defendants, No. 124.
At the June 12 hearing both counsel agreed that the Motion For Discharge or Reduction of Mechanic's Lien, dated April 3, 2000, should also be heard.
The defendants filed an Amended Motion For Discharge or Reduction of CT Page 11260 Mechanic's Lien, dated July 27, 2000. This motion should be placed on a future Foreclosure Short Calendar.
This decision will address Motions 122 and 124.
In the Memorandum of Law in Support of Motion To Dismiss For Lack of Subject Matter Jurisdiction, the defendants, state the following. The Mechanic's Lien is defective for two reasons:
"1. In the oath contained in the Mechanic's Lien, the claimant swears to the truth of a matter which had not yet occurred. On May 15, 1998, the affiant swears that the "Notice of Intention to Claim" was served on May 21, 1998.
2. The Mechanic's Lien asserts a claim of $5,606.15. The affiant does not swear to the truth of said claim. On the contrary, he swears that $3,150.00 is the amount of said claim."
The defendant, Paul Koch, testified at the June 12, 2000 hearing. He never said he was misled or confused by the amount due and owing, $5,606.15. This court finds that the figure, $3,150.00, set forth in the oath contained in the Certificate of Mechanic's Lien, is a scrivener's error. The correct figure is $5,606.15 and is correctly stated in the Certificate of Mechanic's Lien.
The defendant claims that the Certificate of Mechanic's Lien was changed after it was sworn to. Attorney Mann, counsel for plaintiff, testified that Mr. Dean signed the oath on May 15, 1998. On May 18, 1998 Attorney Mann wrote to Sheriff Purcell, enclosing four copies of the Notice of Intention to Claim Mechanic's Lien. In the May 18, 1998 letter to Sheriff Purcell, Attorney Mann states "kindly fill in the date that the notice of service please file same with the Town Clerk and send us your bill."
The court finds that the Certificate of Mechanic's Lien was not changed after it was sworn to. The sheriff simply inserted the date of 21st of May 1998, as the date the Notice of Intention to Claim was duly served upon Koch.
"We have long endorsed a policy favoring liberal construction of claimed inadequacies in certificates of mechanic's liens in order to achieve the remedial purposes of the mechanic's lien statutes. Provisions of mechanic's lien law should be liberally construed so as to reasonably and fairly implement its remedial intent." J.C. Penny Properties, Inc.v. Peter M. Santella Company, Inc., 210 Conn. 511, 514. CT Page 11261
The Motion To Dismiss is denied.
The Defendants, Paul and Victoria Koch, also filed a Motion To Cite In Third Party Defendants. They wish to cite in Brian Tile, Inc. and Roger Dean, its President.
The defendants claim that they had an oral contract with Roger Dean of Rye Ridge for the purchase and sale of tile and installation of tile at their home at 2 Random Road, Old Greenwich, Connecticut. Mr. Koch testified to that agreement at the Short Calendar Hearing on June 12, 2000. (Transcript pages 40 and 41).
The plaintiff claims that Rye Ridge Ceramic Tile, Inc. sells tile and does not and never has done any contracting work, involving the installation of tile.
The more credible testimony came from a Brian Fluskey, (d/b/a Brian Tile, Inc.). He testified that for the past fifteen years he has been self employed installing tile. He never was an employee of Rye Ridge Tile. Mr. Fluskey further testified that he had an agreement with Mr. Paul Koch to "install the limestone, the tile and supply labor and labor only" (Transcript page 7).
Evidence was introduced that Brian Fluskey Tile, Inc. sent cost proposals to Roger Dean at Rye Ridge Tile for the "Koch job". Brian explained that Paul Koch was acting as general contractor for the construction of his home and Paul Koch was too busy to deal with each individual contractor. The court finds that Mr. Koch asked Mr. Dean to get a reliable, dependable contractor to provide Roger with a price for the installation of tile. The price proposals were sent to Roger Dean for his review and submission to Mr. Koch.
The following is further testimony of Mr. Brian Fluskey:
"Q. How did you first come to know Roger and the Rye Ridge Tile Company?
A. I've known Roger for 20 plus years. My father bought tile from Keith Dean, Roger's father. The connection that I have with Rye Ridge Tile is they refer me for installation. I refer them — my customers to them for purchase of tile. I don't sell tile and as far as I know, they don't install it.
Q. So, you and Rye Ridge have this arrangement where you refer your customers to Rye Ridge for tile? Correct?
A. Yes. CT Page 11262
Q. And, Rye Ridge refers their customers to you for installation?
A. Correct." (Transcript, page 23)
The Motion To Cite In Third Party Defendants is also denied.
RICHARD J. TOBIN, JUDGE