[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The issue before the court in this case is whether, after hearing, the court should grant the plaintiff, Pinney Associates, LLC's, application to discharge a mechanic's lien placed on the plaintiff's real property by the defendant Castellano Electric, Inc. The plaintiff advances three reasons why the application should be granted: (1) the defendant has not filed a trade name certificate in the local Town Clerk's Office as required by C.G.S. 35-1, (2) the defendant, a foreign corporation, has not obtained a certificate of authority to do business in the state of Connecticut as required by C.G.S. 33-920, (3) the certificate of mechanic's lien is invalid because it does not comply with C.G.S. 49-34
in that it is not subscribed and sworn to as to the truth of its contents. The court will address each of the plaintiff's claims.
 CONNECTICUT GENERAL STATUTES § 49-34 — (OATH)
The certificate of mechanic's lien was signed by Frank Castellano as president of Castellano Electric, Inc. Immediately below his signature there appears the following:
 "Personally appeared CASTELLANO ELECTRIC, INC., by FRANK CASTELLANO, president, signer and sealer of the CT Page 3682 foregoing instrument, personally known to me who swore and made solemn oath and acknowledged that he executed said instrument, and acknowledged that he executed said instrument, and further acknowledged the same to be his free act and deed before me this 26th day of September, 2000."
It is then signed by Frank P. Allegretti as a Commissioner of the Superior Court. Connecticut General Statutes § 49-34 sets forth the conditions for the validity of a mechanic's lien and that includes the requirement that the certificate must be . . . "(C) subscribed and sworn to by the claimant." The plaintiff contends that the words in the "subscribing" clause in the mechanic's lien are insufficient because they do not state that the affiant has sworn and made solenm oath as to the truth of the contents of the lien, but has only acknowledged his execution of the lien to be his free act indeed. See J.C. PenneyProperties, Inc. v. Peter M. Santella Company, Inc., 210 Conn. 511,555 A.2d 990 (1989). At best, argues the plaintiff, if he has sworn to anything, the defendant's president has sworn that his acknowledgment is his free act and deed. The court disagrees. The provisions of a mechanic's lien should be liberally construed in order to implement its remedial purpose. Henry F. Raab Connecticut, Inc. v. J.W. Fisher Co.,183 Conn. 108, 115, 438 A.2d 834 (1981). The plain language of the questioned clause states that the signator of the certificate "swore and made solemn oath." The only fair inference is that the certificate was "subscribed and sworn to by the claimant". C.G.S. § 49-34 (1)(C). He did more, of course, than give oath because the clause states" . . . and
acknowledged that he executed said instrument" as his free act and deed (emphasis added). It tortures the language to hold that he was swearing that his acknowledgment was true, when there is no such requirement. The court finds that the certificate of lien was subscribed and sworn to by the signator and that he also acknowledged his signature to be his free act and deed.
 CONNECTICUT GENERAL STATUTES § 35-1 (TRADE NAME CERTIFICATE)
The plaintiff claims that the defendant is in violation of C.G.S. § 35-1[1] because it is not a Connecticut corporation, is not authorized to do business in this state, and was therefore required to file a trade name certificate in the town clerk's office of the town of New Canaan. However, the defendant, Castellano Electric, Inc., was not doing business "under any assumed name." It performed under an oral contract, and all of its invoices and job orders were under the name of Castellano Electric, Inc. A deposit check received by the defendant was deposited in its corporate bank account; its vans all displayed signs with the corporate name. The only document with any other name appearing CT Page 3683 on it was a proposal styled "Frank Castellano Electric", which proposal was never signed by the plaintiff or by anyone purporting to act on the plaintiff's behalf, and thus did not constitute a contract.
The court finds that the defendant Castellano Electric, Inc., was the party who made and performed the contract in question, is the lienor, and was not operating under an assumed name. There was therefore no violation of C.G.S. § 35-1.
 CONNECTICUT GENERAL STATUTES § 33-920 — (CERTIFICATE OF AUTHORITY)
The plaintiff claims that the mechanic's lien should be discharged as invalid because the defendant corporation has not been authorized to do business in Connecticut, citing C.G.S. § 33-920.
However, this section of the statute is not dispositive of this issue. It is true that a foreign corporation transacting business in this state without a certificate of authority may not maintain a proceeding in any court in this state until it obtains such certificate. C.G.S. § 33-921.
The defendant offered hearsay evidence that the Secretary of State did not require the defendant to obtain a certificate of authority because he was "selling through an independent contractor" and was therefore exempt. The court did not admit this evidence and did not consider it in its decision. Nor did the defendant cite to any cases which would hold that such an exemption would apply to its electrical contracting business.
Nevertheless, the failure to obtain a certificate of authority to do business in this state does not void the lien. The court has the authority to stay proceedings commenced by a foreign corporation until a certificate of authority is obtained. C.G.S. § 33-921 (c). This is premature in this case, because the defendant has not "commenced" a proceeding, such as an action to foreclose a mechanic's lien. Rather, it is defending an application to discharge the lien and is thus protected by C.G.S. § 33-921 (e), which reads as follows:
 "Notwithstanding subsections (a) and (b) of this section, the failure of a foreign corporation to obtain a certificate of authority does not impair the validity of its corporate acts or prevent them from defending any proceedings in this state."
The plaintiff's application to discharge the mechanic's lien is denied, but the court notes that the defendant must obtain a certificate of authority to do business in this state as a prerequisite to a proceeding to foreclose the lien. CT Page 3684
So Ordered.
D'ANDREA, J.