[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
The plaintiffs have filed this action seeking to discharge a mechanic's lien placed on their home on October 4, 2001 by the defendant, their general contractor. The plaintiffs maintain that because the contract upon which the lien is based does not comply with the Home Improvement Act, General Statutes § 20-429, and because material defects exist with the actual certificate, the lien is invalid. This court finds that due to the numerous defects in both the contract and the certificate, the plaintiffs' motion to discharge must be granted.
 II A.
General Statutes § 20-429 states in relevant part that: "(a) No home improvement contract shall be valid or enforceable against an owner unless it: (1) Is in writing, (2) is signed by the owner and the contractor, (3) contains the entire agreement between the owner and the contractor, (4) contains the date of the transaction, (5) contains the name and address of the contractor, (6) contains a notice of the owner's cancellation rights in accordance with the provisions of chapter 740, (7) contains a starting date and completion date, and (8) is entered into by a registered salesman or registered contractor." The contract entered into evidence fails to contain a date, a notice of cancellation, a starting date and a completion date. Moreover, based on the testimony at the hearing, it is clear that the contract does not contain the entire agreement of the parties. Requirement (8) is also not met since at the time this contract was signed, the defendant was not a registered home improvement contractor.
Connecticut courts have, on many occasions, refused to enforce home improvement contracts which do not comply with the statute. In BarrettBuilders v. Miller, 215 Conn. 316, 576 A.2d 455 (1990), the plaintiff contractor appealed from the granting of a motion for summary judgment by the trial court in favor of the defendant in whose home the plaintiff had installed kitchen cabinets. Because the plaintiff had failed to comply with the requirements of the Home Improvement Act, it brought its action in quasi contract, claiming unjust enrichment by the defendant, consisting of the reasonable value of labor and materials furnished. In CT Page 6137 affirming the decision of the trial court, the Barrett court concluded that it was not within the court's power to remedy the deficiency in the statute which fails to protect "a contractor [who] in good faith but in ignorance of the law performs valuable home improvements without complying with § 20-429." Id, 326; see also, e.g., Rizzo Pool Co. v.Del Grosso, 232 Conn. 666, 657 A.2d 1087 (1995); Wadia Enterprises, Inc.v. Hirschfeld, 224 Conn. 240, 618 A.2d 506 (1992); Liljedahl Bros., Inc.v. Grigsby, 215 Conn. 345, 576 A.2d 149 (1990); A. Secondino Son, Inc.v. Lo Ricco, 215 Conn. 336, 576 A.2d 464 (1990); Sidney v. DeVries,18 Conn. App. 581, 559 A.2d 1145 (1989), aff'd, 215 Conn. 350, 576 A.2d 228
(1990); Caulkins v. Tetrillo, 200 Conn. 713, 513 A.2d 43 (1986).
At the same time, our Supreme Court has carved an exception from this from this rule in cases where the homeowner is shown to have acted in bad faith. See, Habetz v. Condon, 224 Conn. 231, 237, 618 A.2d 501 (1992). Indeed, the court, in Wadia Enterprises, Inc. v. Hirshfeld, supra,224 Conn. 247-49, rendered with Habetz, while not addressing the exact issues raised in the present case, discussed the bad faith issue in a case involving the foreclosure of a mechanic's lien based on home improvement contract which did not comply with the statute.[1]
In 1993, the legislature undertook to amend the statute in such a way as to protect contractors who had rendered valuable services to homeowners but who had not complied with the provisions of the Act in its pre-1993 state. (See 36 H.R. Proc., Pt. 16, 1993 Sess., pp. 5610-11, remarks of Representative John W. Fox, and 36 S. Proc., Pt. 10, 1993 Sess., p. 3451, remarks of Senator Thomas F. Upson.) As amended by No. 93-215 of the 1993 Public Acts, the new subsection (f) of General Statutes § 20-429 provides: "[n]othing in this section shall preclude a contractor who has complied with subdivisions (1), (2), (6), (7) and (8) of subsection (a) of this section from the recovery of payment for work performed based on the reasonable value of services which were requested by the owner, provided the court determines that it would be inequitable to deny such recovery."
A review of the contract in the case before the court reveals that the defendant could not recover under this provision as subsections (6) (cancellation rights); (7) (starting and completion dates), and (8) (requirement of registered contractor) have not been met. Thus, statutorily, the defendant is precluded from pursuing a quantum meruit claim. As previously noted, he is barred from seeking a contractual remedy. See Caulkins v. Tetrillo, supra, 200 Conn. 713 (motion to strike mechanic's lien based on oral contract in violation of Conn. Gen. Statutes § 20-429.)
 B. CT Page 6138
In addition to the above argument, the plaintiffs further argue that the mechanic's lien cannot be enforced because of its many defects. First and foremost, the plaintiffs argue that the certificate is not "subscribed and sworn to by the claimant" as required by General Statutes § 49-34[2] The document is signed by defendant under the phrase "IN WITNESS WHEREOF, I have hereunto set my hand this 22nd day of June, 2001." Under this is an oath, but it is signed by the attorney and not by the defendant. In Red Rooster Construction Co. v. River Associates,Inc., 224 Conn. 563, 577, 620 A.2d 118 (1993), the court discussed this very issue and held that the signing of the certificate by the notary that the claimant appeared and made solemn oath was insufficient to comply with the statute. This, of course, is the situation in the present case. The Red Rooster court further held that there was no evidence of any ceremony of taking an oath. In the present case, the defendant testified as follows:
12 Q Okay. And after you signed the mechanic's lien, what
13 happened? Did you leave? Did the witnesses sign? What
14 happened after you signed the mechanic's lien?
15 A I left.
16 Q You left. Did Attorney Izzo ask you to raise your
17 right hand after you signed the mechanic's lien?
18 A No. Before, I think.
19 Q Did — — Excuse me?
20 A Before.
21 Q Before what?
22 A Before I signed it.
23 Q Before you signed it, you did what?
24 A I raised my right hand.
25 Q Okay. And did you say anything when you raised your
26 right hand? CT Page 6139
 27 A I said, yes. That's all I know. Do you want this lien to take place, is what he said, raise your right hand and say yes, or I swear, you know, and I did.
 Q Okay. And those were his words, do you want this lien to take place?
A Correct.
This recitation of facts does not comport with the Supreme Court's definition of an oath: "We previously have noted the statutory requirement of a ceremony to effectuate a valid oath: `An oath . . . is a solemn and formal declaration that the contents of a declaration, written or oral, are true, and it must be administered in accordance with theceremony and procedures set forth in [1-22].'" [Emphasis in original.] Id., 578, citing State v. Assuntino, 180 Conn. 345, 354, 429 A.2d 900
(1980). Thus, the Red Rooster court concluded that "[i]n light of the fact that (1) an oral oath was not administered, (2) Red Rooster's president did not sign a statement swearing to the truth of the facts contained in the certificate, and (3) § 1-22 requires that some ceremony be performed in making an oath, the trial court properly concluded that the certificate was not `sworn to.' . . . The lien is therefore invalid." Id., 579. See also, J.C. Penney Properties, Inc. v.Peter M. Santella Co., 210 Conn. 511, 518, 555 A.2d 990 (1989). The defendant's comment that "do you want this lien to take place . . . raise your right hand and say yes, or I swear, you know and I did" is hardly a solemn and formal declaration.
The plaintiffs marshal further evidence against the lien. A review of the document indicates that while it was dated June 22, 2001, the work on which it is based is stated to end on July 20, 2001. On its face therefore, it was signed before the work was finished. Moreover, in his testimony, the defendant stated that he did not finish the work until August 22, 2001. Additionally, he testified that he did not commence work on April 1, 2001 as stated in the certificate. With this background, the defendant stated the amount of $37,000 was due even though the lien was signed in June. All of this was presumably verified as true by the defendant.
It is true that our courts "have long endorsed a policy favoring liberal construction of claimed inadequacies in certificates of mechanics' liens in order to achieve the remedial purposes of the mechanics' lien statutes." J.C. Penney Properties, Inc. v. Peter M.Santella Co., supra, 210 Conn. 514. Nevertheless, this view does not "permit departure from reasonable compliance with the specific provisions CT Page 6140 of the statute." Id. In this case it is not so much the number of mistakes extant in the certificate — although there are many — but rather the gravity of the mistakes, that makes it impossible for this court to find that there was reasonable compliance with the requirements of General Statutes § 49-34. Signing and allegedly swearing that work is finished with an exact amount due months before it is completed is not simply a mistake, or erroneous, and does not allow this court to afford "a generous construction." J.C. Penney Properties,Inc. v. Peter M. Santella Co., supra, 210 Conn. 514. Accordingly, this court finds the certificate invalid and the motion to discharge is granted.
Berger, J.